Exhibit 1

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, SS.                        SUPERIOR COURT
                                   CIVIL ACTION NO.: 2079CV00199

CYNTHIA FAREED AND JAMES MASELAN, CO-PERSONAL        )
REPRESENTATIVES OF THE ESTATE OF JASER AL-RAKAH,     )
CYNTHIA FAREED AND JAMES MASELAN, CO-PERSONAL        )
REPRESENTATIVES OF THE ESTATE OF THEEB AL-YAMI,      )
ANNA SEPANEK, INDIVIDUALLY, TYLER SAN JURJO, PPA     )
ANNA SEPANEK, ISABELLA SAN JURJO,  PPA ANNA SEPANEK, )
JENNIFER GALLUCCI, INDIVIDUALLY, BRAYDEN GALLUCCI    )
PPA JENNIFER GALLUCCI, and SOFIA GALLUCCI PPA        )
JENNIFER GALLUCCI,                                   )
              Plaintiffs,                            )
                                                     )
v.                                                   )
                                                     )
                                                     )
CENTRAL RIVERS POWER MA, LLC,                        )
WARE RIVER POWER, INC., and                          )
JOHN DOE #1,                                         )
              Defendants.                            )

## COMPLAINT

### PARTIES

1.  The Plaintiffs, Cynthia Fareed and James Maselan, Co-Personal Representatives of the Estate of
    Jaser Al-Rakah, are New York and Massachusetts residents, respectively.

2.  The Plaintiffs, Cynthia Fareed and James Maselan, Co-Personal Representatives of the Estate of
    Theeb Al-Yami, are New York and Massachusetts residents, respectively.

3.  The Plaintiff, Anna Sepanek, is a resident of Massachusetts residing at 23 Butler Street, Ludlow,
    Massachusetts, 01056.

4.  The Plaintiff, Tyler San Jurjo, PPA Anna Sepanek, is a resident of Massachusetts residing at 23
    Butler Street, Ludlow, Massachusetts, 01056.

5.  The Plaintiff, Isabella San Jurjo, PPA Anna Sepanek, is a resident of Massachusetts residing at
    23 Butler Street, Ludlow, Massachusetts, 01056.

6.  The Plaintiff, Jennifer Gallucci, is a resident of Massachusetts residing at 32 Hampden Street,
    Ludlow, Massachusetts, 01056.

7. The Plaintiff, Brayden Gallucci PPA Jennifer Gallucci, is a resident of Massachusetts residing at 32 Hampden Street, Ludlow, Massachusetts, 01056.

8. The Plaintiff, Sofia Gallucci PPA Jennifer Gallucci, is a resident of Massachusetts residing at 32 Hampden Street, Ludlow, Massachusetts, 01056.

9. The Defendant, Central Rivers Power MA LLC, is a corporation conducting business within the Commonwealth of Massachusetts, with a principal place of business located at 4920 Elm Street, Suite 205, Bethesda, Maryland, 20814.

10. The Defendant, Ware River Power, Inc., is a corporation conducting business within the Commonwealth of Massachusetts, with a principal place of business located at 48 Allen Drive, Barre, Massachusetts, 01005.

11. The Defendant, John Doe #1, is an individual residing in Massachusetts and an agent, servant and/or employee of Ware River Power, Inc., who at all times relevant to this complaint was working as the plant operator at the Red Bridge dam.

## FACTS COMMON TO ALL COUNTS

1. A hydroelectric dam known as the Red Bridge Project is located in the area of Red Bridge Road in the town of Wilbraham, Massachusetts.

2. The dam was constructed in approximately 1901 and presently consists of a power canal and two operating penstocks which discharge water through two tailrace bays into a tailrace canal that discharges back into the Chicopee River.

3. At this point of confluence where the tailrace canal feeds back into the Chicopee River, the water swirls powerfully and, for the most part, below the surface of the water, hidden from sight.

4. At this point of confluence there is also a recognized area which serves as an access point for the public to launch canoes, kayaks, and other small boats.

5. These recreational areas were deeded by a prior owner of the Red Bridge dam to the Commonwealth of Massachusetts to be used as a park to serve the residents.

6. These areas have been maintained by Massachusetts state agencies, however the Federal Energy Regulatory Commission, as a condition of licensing, holds the dam owners ultimately responsible for these areas.

7. Federal regulations require dam owners and operators to install, operate, and maintain safety devices such as lights, sirens, horns, buzzers, and other warning systems to warn the public of fluctuations in water flow from the project.

8.  Tailrace areas and spillways can create turbulence, eddies, currents, and whirlpools which can be very hazardous to persons along the shoreline in the immediate downstream area.

9.  On or about June 29, 2018, Central Rivers Power MA, LLC was the owner of the Red Bridge dam on the Chicopee River in Wilbraham, Massachusetts.

10. On or about June 29, 2018, Ware River Power, Inc. was the operator of the Red Bridge dam on the Chicopee River in Wilbraham, Massachusetts.

11. On or about June 29, 2018, John Doe #1 was an agent, servant, and/or employee of Ware River Power, Inc.

12. On or about June 29, 2018, John Doe #1 was operating the Red Bridge dam on the Chicopee River in Wilbraham, Massachusetts, as an agent, servant and/or employee of Ware River Power, Inc.

13. On or about June 28, 2018, there were thunderstorms in the area of the Red Bridge dam.

14. On or about June 28, 2018, during the storm, lightning struck the Red Bridge dam damaging certain parts of the Red Bridge dam's computer operating system, including the pond leveling transducer and PLC.

15. As of 7:00 a.m. on June 29, 2018, the plant operator, John Doe #1, knew or should have known that the Red Bridge dam was not functioning properly.

16. During the course of the day, John Doe #1 discovered the damaged PLC and attempted to troubleshoot the problems with the dam's computer operating system. As a workaround, he took certain functions of the dam offline and reset them for manual operation.

17. At some point that day, John Doe #1 left the Red Bridge dam to go look for a spare part. He returned later and attempted to repair the dam's computer operating system. At or around 4:30 p.m., he brought the dam back online and restarted the dam's full operations in auto mode.

18. John Doe #1's activities caused a rapid and massive dumping of water through and over the dam causing water levels to rise swiftly and producing treacherous, roiling undercurrents downstream of the dam at the point of confluence between the tailrace spillway and the river.

19. While John Doe #1 was managing the operation of the Red Bridge dam upstream, a number of individuals were lawfully enjoying the recreational area of the river immediately downstream from the dam, oblivious to the hazards the river now posed.

20. Those individuals included Theeb Al-Yami, Jaser Al-Rakah, Tyler San Jurjo, Isabella San Jurjo, Anna Sepanek, Brayden Gallucci, Sofia Gallucci, and Jennifer Gallucci.

21. These individuals were unaware of what was going on at the Red Bridge dam, and were unaware that the dam had released, or would be releasing, large quantities of water without warning.

22. At approximately 4:30 - 5:00 p.m., Anna Sepanak and her two minor children, Tyler San Jurjo and Isabella San Juejo, were lawfully recreating at the edge of the river.

23. At approximately 4:30 - 5:00 p.m., Jennifer Gallucci and her two minor children, Brayden Gallucci and Sofia Gallucci, were also lawfully recreating at the edge of the river.

24. Two of the minor children present, Tyler San Jurgo and Brayden Gallucci, were wearing clothes and standing in a shallow part of the river playing with rocks. The water was at or around their shin level.

25. Two other individuals, Theeb Al-Yami and Jaser Al-Rakah, both adult male college students, were also lawfully in the recreation area, fully clothed and sitting by the edge of the river.

26. At or about this same time, and unknown to all these individuals, the dam was being brought back on line by John Doe #1 resulting in the release of large quantities of water downstream from the dam.

27. The swirling currents and power of the merging waters were hidden below the surface and therefore were not readily apparent to those individuals on shore or at the river's edge.

28. Suddenly, and without warning, Tyler San Jurgo and Brayden Gallucci, the two minor boys, were swept away from the river's edge and carried downstream by the force of the rising water and its undercurrents. The children were unable to swim against the current or get themselves back to shore.

29. Jennifer Gallucci and Anna Sepanek entered the river to try to rescue their boys, but they were also swept up in the powerful currents and, as a result, they were unable to get their boys or themselves back to shore.

30. The undercurrents were so strong, Jennifer Gallucci and Anna Sepanek were trapped in the swirling water, and were pulled down by the whirlpool effect created by the confluence of the two waterways.

31. Jennifer Gallucci and Anna Sepanek yelled to their young girls, Isabella San Jurjo and Sofia Gallucci, who had remained on the shoreline to call 911 for emergency assistance.

32. Jennifer Gallucci and Anna Sepanek continued their efforts to get themselves and their minor boys to safety but were unable to overcome the overwhelming current that trapped them all in a vortex of roiling waters beneath the surface.

33. When Theeb Al-Yami and Jaser Al-Rakah saw what was happening and realized that the women and children were in distress and needed assistance, they rushed into the water, still fully clothed, to try to save them.

34. Theeb Al-Yami and Jaser Al-Rakah were themselves swept up by the powerful rising waters and churning currents and were unable to bring the women or children to the shore.

35. Now trapped by the swirling currents themselves, and unable to get back to shore, Theeb Al-Yami and Jaser Al-Rakah fought to stay above the surface of the water. At some point, they both slipped under the water and disappeared from view.

36. Two other bystanders entered the water with kayaks in an attempt to rescue the individuals trapped in the swirling waters, but the current was too powerful and they were unable to rescue anyone.

37. When professional first responders arrived on the scene, they deployed kayaks and a rope system and managed to reach the trapped and exhausted women and their children and get them to shore. They were all transported to Baystate Medical Center for treatment.

38. By the time they were rescued, Jennifer Gallucci, Anna Sepanek, Brayden Gallucci and Tyler San Jurjo, had been trapped in the roiling waters for the better part of a half an hour, fighting to stay above water. They could only helplessly watch Theeb Al-Yami and Jaser Al-Rakah, the two college students who had risked their own lives to try to save them, slip below the surface of the water and not resurface.

39. At approximately 8:00 p.m., Massachusetts State Police divers located Theeb Al-Yami's body. He was taken to the Medical Examiner's Office where he was pronounced dead. A postmortem examination determined the cause of death was drowning.

40. On July 2, 2018, Jaser Al-Rakah's body was discovered floating face down in the water downstream in Ludlow, Massachusetts.

41. His body was retrieved and taken to the Medical Examiner's Office where it was determined that he too had drowned to death.

COUNTS

COUNT I (Negligence: Estate of Jaser Al-Rakah v. Central Rivers Power MA, LLC)

1. The plaintiffs repeat and re-aver fully herein the allegations contained in Paragraphs in the "Parties" and "Facts Common to all Counts" section of this complaint as if each were set forth here in their entirety.

2. The injuries and death of Jaser Al-Rakah were the direct and proximate result of the negligence of the defendant, Central Rivers Power MA, LLC, including, but not limited to, as follows:

a.   defendant negligently owned, operated, controlled, and maintained said premises;

b.   defendant negligently failed to take reasonable and appropriate steps to avoid, alleviate, secure, and/or correct an unsafe condition that was known or should have been known to exist, thus endangering others in the area of the unsafe condition;

c.   defendant negligently failed to take reasonable and appropriate steps to prevent injuries and death to persons lawfully downstream including the plaintiffs' decedent, Jaser Al-Rakah;

d.   defendant negligently failed to properly hire, train, oversee, and supervise its dam operators in the safe and proper release of water;

e.   defendant negligently failed to have in place proper and adequate protocols and safety procedures in the event of damage or disruption to the dam's computerized operating system, or other events that could result in unusually high water level flows that endangered persons downstream;

f.   defendant negligently failed to recognize and appreciate flow related hazards to persons using the river for recreational uses;

g.   defendant negligently failed to release water in a safe and appropriate manner;

h.   defendant negligently failed to warn bystanders and those in the area of high water flows of imminent danger; and

i.   defendant negligently failed to warn individuals downstream of dangerous currents created by the release of water, knowing of such hazards due to the confluence where the tailrace canal meets the river.

3. As a direct and proximate result of the carelessness, inattention and negligence of the defendant, the plaintiffs' decedent, Jaser Al-Rakah, suffered conscious pain and suffering and a premature and preventable death.

WHEREFORE, the plaintiffs pray judgment against the defendant, Central Rivers Power MA, LLC, for the above-described wrongful death and damages to the estate, together with interest and costs.

COUNT II (Gross Negligence: Estate of Jaser Al-Rakah v. Central Rivers Power MA, LLC)

1. The plaintiffs repeat and re-aver fully herein the allegations contained in Paragraphs in the "Parties" and "Facts Common to all Counts" section of this complaint as if each were set forth here in their entirety.

2.  The injuries and death of Jaser Al-Rakah were the direct and proximate result of the malicious, willful, wanton or reckless conduct, and/or by the gross negligence of the defendant, Central Rivers Power MA, LLC, including, but not limited to, as follows:

    a.  defendant negligently owned, operated, controlled, and maintained said premises;

    b.  defendant negligently failed to take reasonable and appropriate steps to avoid, alleviate, secure, and/or correct an unsafe condition that was known or should have been known to exist, thus endangering others in the area of the unsafe condition;

    c.  defendant negligently failed to take reasonable and appropriate steps to prevent injuries and death to persons lawfully downstream including the plaintiffs' decedent, Jaser Al-Rakah;

    d.  defendant negligently failed to properly hire, train, oversee, and supervise its dam operators in the safe and proper release of water;

    e.  defendant negligently failed to have in place proper and adequate protocols and safety procedures in the event of damage or disruption to the dam's computerized operating system, or other events that could result in unusually high water level flows that endangered persons downstream;

    f.  defendant negligently failed to recognize and appreciate flow related hazards to persons using the river for recreational uses;

    g.  defendant negligently failed to release water in a safe and appropriate manner;

    h.  defendant negligently failed to warn bystanders and those in the area of high water flows of imminent danger; and

    i.  defendant negligently failed to warn individuals downstream of dangerous currents created by the release of water, knowing of such hazards due to the confluence where the tailrace canal meets the river.

3.  As a direct and proximate result of the malicious, willful, wanton or reckless conduct, and/or by the gross negligence of the defendant, the plaintiffs' decedent, Jaser Al-Rakah, suffered conscious pain and suffering and a premature and preventable death.

    WHEREFORE, the plaintiffs pray judgment against the defendant, Central Rivers Power MA, LLC, for the above-described wrongful death and damages to the estate, together with punitive damages, interest, and costs.

<u>COUNT III (Negligence: Estate of Theeb Al-Yami v. Central Rivers Power MA, LLC)</u>

1. The plaintiffs repeat and re-aver fully herein the allegations contained in Paragraphs in the "Parties" and "Facts Common to all Counts" section of this complaint as if each were set forth here in their entirety.

2. The injuries and death of Theeb Al-Yami were the direct and proximate result of the negligence of the defendant, Central Rivers Power MA, LLC, including, but not limited to, as follows:

   a.  defendant negligently owned, operated, controlled, and maintained said premises;

   b.  defendant negligently failed to take reasonable and appropriate steps to avoid, alleviate, secure, and/or correct an unsafe condition that was known or should have been known to exist, thus endangering others in the area of the unsafe condition;

   c.  defendant negligently failed to take reasonable and appropriate steps to prevent injuries and death to persons lawfully downstream including the plaintiffs' decedent, Theeb Al-Yami;

   d.  defendant negligently failed to properly hire, train, oversee, and supervise its dam operators in the safe and proper release of water;

   e.  defendant negligently failed to have in place proper and adequate protocols and safety procedures in the event of damage or disruption to the dam's computerized operating system, or other events that could result in unusually high water level flows that endangered persons downstream;

   f.  defendant negligently failed to recognize and appreciate flow related hazards to persons using the river for recreational uses;

   g.  defendant negligently failed to release water in a safe and appropriate manner;

   h.  defendant negligently failed to warn bystanders and those in the area of high water flows of imminent danger; and

   i.  defendant negligently failed to warn individuals downstream of dangerous currents created by the release of water, knowing of such hazards due to the confluence where the tailrace canal meets the river.

3. As a direct and proximate result of the carelessness, inattention and negligence of the defendant, the plaintiffs' decedent, Theeb Al-Yami, suffered conscious pain and suffering and a premature and preventable death.

   WHEREFORE, the plaintiffs pray judgment against the defendant, Central Rivers Power MA, LLC, for the above-described wrongful death and damages to the estate, together with interests and costs.

8

COUNT IV (Gross Negligence: Estate of Theeb Al-Yami v. Central Rivers Power MA, LLC)

1. The plaintiffs repeat and re-aver fully herein the allegations contained in Paragraphs in the "Parties" and "Facts Common to all Counts" section of this complaint as if each were set forth here in their entirety.

2. The injuries and death of Theeb Al-Yami were the direct and proximate result of the malicious, willful, wanton or reckless conduct, and/or by the gross negligence of the defendant, Central Rivers Power MA, LLC, including, but not limited to, as follows:

   a. defendant negligently owned, operated, controlled, and maintained said premises;

   b. defendant negligently failed to take reasonable and appropriate steps to avoid, alleviate, secure, and/or correct an unsafe condition that was known or should have been known to exist, thus endangering others in the area of the unsafe condition;

   c. defendant negligently failed to take reasonable and appropriate steps to prevent injuries and death to persons lawfully downstream including the plaintiffs' decedent, Theeb Al-Yami;

   d. defendant negligently failed to properly hire, train, oversee, and supervise its dam operators in the safe and proper release of water;

   e. defendant negligently failed to have in place proper and adequate protocols and safety procedures in the event of damage or disruption to the dam's computerized operating system, or other events that could result in unusually high water level flows that endangered persons downstream;

   f. defendant negligently failed to recognize and appreciate flow related hazards to persons using the river for recreational uses;

   g. defendant negligently failed to release water in a safe and appropriate manner;

   h. defendant negligently failed to warn bystanders and those in the area of high water flows of imminent danger; and

   i. defendant negligently failed to warn individuals downstream of dangerous currents created by the release of water, knowing of such hazards due to the confluence where the tailrace canal meets the river.

3. As a direct and proximate result of malicious, willful, wanton or reckless conduct, and/or by the gross negligence of the defendant, the plaintiffs' decedent, Theeb Al-Yami, suffered conscious pain and suffering and a premature and preventable death.

WHEREFORE, the plaintiffs pray judgment against the defendant, Central Rivers Power MA, LLC, for the above-described wrongful death and damages to the estate, together with punitive damages, interest, and costs.

COUNT V (Negligence: Anna Sepanek v. Central Rivers Power MA, LLC)

1. The plaintiffs repeat and re-aver fully herein the allegations contained in Paragraphs in the "Parties" and "Facts Common to all Counts" section of this complaint as if each were set forth here in their entirety.

2. The severe and permanent injuries of Anna Sepanek were the direct and proximate result of the negligence of the defendant, Central Rivers Power MA, LLC, including, but not limited to, as follows:

   a.   defendant negligently owned, operated, controlled, and maintained said premises;

   b.   defendant negligently failed to take reasonable and appropriate steps to avoid, alleviate, secure, and/or correct an unsafe condition that was known or should have been known to exist, thus endangering others in the area of the unsafe condition;

   c.   defendant negligently failed to take reasonable and appropriate steps to prevent injuries to persons lawfully downstream including the plaintiff, Anna Sepanek;

   d.   defendant negligently failed to properly hire, train, oversee, and supervise its dam operators in the safe and proper release of water;

   e.   defendant negligently failed to have in place proper and adequate protocols and safety procedures in the event of damage or disruption to the dam's computerized operating system, or other events that could result in unusually high water level flows that endangered persons downstream;

   f.   defendant negligently failed to recognize and appreciate flow related hazards to persons using the river for recreational uses;

   g.   defendant negligently failed to release water in a safe and appropriate manner;

   h.   defendant negligently failed to warn bystanders and those in the area of high water flows of imminent danger; and

   i.   defendant negligently failed to warn individuals downstream of dangerous currents created by the release of water, knowing of such hazards due to the confluence where the tailrace canal meets the river.

3. As a direct and proximate result of the carelessness, inattention and negligence of the defendant, the plaintiff, Anna Sepanek, was caused to sustain severe and permanent personal injuries; has incurred and will continue to incur great expense for her medical, surgical, and hospital care

and treatment; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be hospitalized; has been and will continue to be unable to pursue normal activities; and her ability to enjoy life has been permanently adversely affected.

WHEREFORE, the plaintiff, Anna Sepanek, prays judgment against the defendant, Central Rivers Power MA, LLC, in an amount which is just and appropriate to compensate her for her injuries, together with interest and costs.

COUNT VI (Emotional Distress: Anna Sepanek v. Central Rivers Power MA, LLC)

1. The plaintiffs repeat and re-aver fully herein the allegations contained in Paragraphs in the "Parties" and "Facts Common to all Counts" section of this complaint as if each were set forth here in their entirety.

2. As a direct and proximate result of the carelessness, inattention and negligence of the defendant, the plaintiff, Anna Sepanek, has suffered and will continue to suffer severe emotional distress resulting in substantial physical injury.

WHEREFORE, the plaintiff, Anna Sepanek, prays judgment against the defendant, Central Rivers Power MA, LLC, in an amount which is just and appropriate to compensate her for her injuries, together with interest and costs.

COUNT VII (Negligence: Tyler San Jurjo PPA Anna Sepanek v. Central Rivers Power MA, LLC)

1. The plaintiffs repeat and re-aver fully herein the allegations contained in Paragraphs in the "Parties" and "Facts Common to all Counts" section of this complaint as if each were set forth here in their entirety.

2. The severe and permanent injuries of Tyler San Jurjo PPA Anna Sepanek, were the direct and proximate result of the negligence of the defendant, Central Rivers Power MA, LLC, including, but not limited to, as follows:

   a.   defendant negligently owned, operated, controlled, and maintained said premises;

   b.   defendant negligently failed to take reasonable and appropriate steps to avoid, alleviate, secure, and/or correct an unsafe condition that was known or should have been known to exist, thus endangering others in the area of the unsafe condition;

   c.   defendant negligently failed to take reasonable and appropriate steps to prevent injuries to persons lawfully downstream including the plaintiff, Tyler San Jurjo PPA Anna Sepanek;

   d.   defendant negligently failed to properly hire, train, oversee, and supervise its dam operators in the safe and proper release of water;

11

e.   defendant negligently failed to have in place proper and adequate protocols and safety procedures in the event of damage or disruption to the dam's computerized operating system, or other events that could result in unusually high water level flows that endangered persons downstream;

f.   defendant negligently failed to recognize and appreciate flow related hazards to persons using the river for recreational uses;

g.   defendant negligently failed to release water in a safe and appropriate manner;

h.   defendant negligently failed to warn bystanders and those in the area of high water flows of imminent danger; and

i.   defendant negligently failed to warn individuals downstream of dangerous currents created by the release of water, knowing of such hazards due to the confluence where the tailrace canal meets the river.

3.   As a direct and proximate result of the carelessness, inattention and negligence of the defendant, the plaintiff, Tyler San Jurjo PPA Anna Sepanek, was caused to sustain severe and permanent personal injuries; has incurred and will continue to incur great expense for his medical, surgical, and hospital care and treatment; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be hospitalized; has been and will continue to be unable to pursue normal activities; and his ability to enjoy life has been permanently adversely affected.

WHEREFORE, the plaintiff, Tyler San Jurjo PPA Anna Sepanek, prays judgment against the defendant, Central Rivers Power MA, LLC, in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

## COUNT VIII (Emotional Distress: Tyler San Jurjo PPA Anna Sepanek v. Central Rivers Power MA, LLC)

1.   The plaintiffs repeat and re-aver fully herein the allegations contained in Paragraphs in the "Parties" and "Facts Common to all Counts" section of this complaint as if each were set forth here in their entirety.

2.   As a direct and proximate result of the carelessness, inattention and negligence of the defendant, the plaintiff, Tyler San Jurjo PPA Anna Sepanek, has suffered and will continue to suffer severe emotional distress resulting in substantial physical injury.

WHEREFORE, the plaintiff, Tyler San Jurjo PPA Anna Sepanek, prays judgment against the defendant, Central Rivers Power MA, LLC, in an amount which is just and appropriate to compensate him for him injuries, together with interest and costs.

<u>COUNT IX (Negligence: Isabella San Jurjo PPA Anna Sepanek v.</u>
<u>Central Rivers Power MA, LLC)</u>

1. The plaintiffs repeat and re-aver fully herein the allegations contained in Paragraphs in the "Parties" and "Facts Common to all Counts" section of this complaint as if each were set forth here in their entirety.

2. The severe and permanent injuries of Isabella San Jurjo PPA Anna Sepanek were the direct and proximate result of the negligence of the defendant, Central Rivers Power MA, LLC, including, but not limited to, as follows:

   a. defendant negligently owned, operated, controlled, and maintained said premises;

   b. defendant negligently failed to take reasonable and appropriate steps to avoid, alleviate, secure, and/or correct an unsafe condition that was known or should have been known to exist, thus endangering others in the area of the unsafe condition;

   c. defendant negligently failed to take reasonable and appropriate steps to prevent injuries to persons lawfully downstream including the plaintiff, Isabella San Jurjo PPA Anna Sepanek;

   d. defendant negligently failed to properly hire, train, oversee, and supervise its dam operators in the safe and proper release of water;

   e. defendant negligently failed to have in place proper and adequate protocols and safety procedures in the event of damage or disruption to the dam's computerized operating system, or other events that could result in unusually high water level flows that endangered persons downstream;

   f. defendant negligently failed to recognize and appreciate flow related hazards to persons using the river for recreational uses;

   g. defendant negligently failed to release water in a safe and appropriate manner;

   h. defendant negligently failed to warn bystanders and those in the area of high water flows of imminent danger; and

   i. defendant negligently failed to warn individuals downstream of dangerous currents created by the release of water, knowing of such hazards due to the confluence where the tailrace canal meets the river.

3. As a direct and proximate result of the carelessness, inattention and negligence of the defendant, the plaintiff, Isabella San Jurjo PPA Anna Sepanek, was caused to sustain severe and permanent personal injuries; has incurred and will continue to incur great expense for her medical, surgical, and hospital care and treatment; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be hospitalized; has

13

been and will continue to be unable to pursue normal activities; and her ability to enjoy life has been permanently adversely affected.

WHEREFORE, the plaintiff, Isabella San Jurjo PPA Anna Sepanek, prays judgment against the defendant, Central Rivers Power MA, LLC, in an amount which is just and appropriate to compensate her for her injuries, together with interest and costs.

### COUNT X (Emotional Distress: Isabella San Jurjo PPA Anna Sepanek v. Central Rivers Power MA, LLC)

1. The plaintiffs repeat and re-aver fully herein the allegations contained in Paragraphs in the "Parties" and "Facts Common to all Counts" section of this complaint as if each were set forth here in their entirety.

2. As a direct and proximate result of the carelessness, inattention and negligence of the defendant, the plaintiff, Isabella San Jurjo PPA Anna Sepanek, has suffered and will continue to suffer severe emotional distress resulting in substantial physical injury.

WHEREFORE, the plaintiff, Isabella San Jurjo PPA Anna Sepanek, prays judgment against the defendant, Central Rivers Power MA, LLC, in an amount which is just and appropriate to compensate her for her injuries, together with interest and costs.

### COUNT XI (Negligence: Jennifer Gallucci v. Central Rivers Power MA, LLC)

1. The plaintiffs repeat and re-aver fully herein the allegations contained in Paragraphs in the "Parties" and "Facts Common to all Counts" section of this complaint as if each were set forth here in their entirety.

2. The severe and permanent injuries of Jennifer Gallucci were the direct and proximate result of the negligence of the defendant, Central Rivers Power MA, LLC, including, but not limited to, as follows:

   a. defendant negligently owned, operated, controlled, and maintained said premises;

   b. defendant negligently failed to take reasonable and appropriate steps to avoid, alleviate, secure, and/or correct an unsafe condition that was known or should have been known to exist, thus endangering others in the area of the unsafe condition;

   c. defendant negligently failed to take reasonable and appropriate steps to prevent injuries to persons lawfully downstream including the plaintiff, Jennifer Gallucci;

   d. defendant negligently failed to properly hire, train, oversee, and supervise its dam operators in the safe and proper release of water;

   e. defendant negligently failed to have in place proper and adequate protocols and safety procedures in the event of damage or disruption to the dam's computerized

14

operating system, or other events that could result in unusually high water level flows that endangered persons downstream;

f.      defendant negligently failed to recognize and appreciate flow related hazards to persons using the river for recreational uses;

g.      defendant negligently failed to release water in a safe and appropriate manner;

h.      defendant negligently failed to warn bystanders and those in the area of high water flows of imminent danger; and

i.      defendant negligently failed to warn individuals downstream of dangerous currents created by the release of water, knowing of such hazards due to the confluence where the tailrace canal meets the river.

3.   As a direct and proximate result of the carelessness, inattention and negligence of the defendant, the plaintiff, Jennifer Gallucci, was caused to sustain severe and permanent personal injuries; has incurred and will continue to incur great expense for her medical, surgical, and hospital care and treatment; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be hospitalized; has been and will continue to be unable to pursue normal activities; and her ability to enjoy life has been permanently adversely affected.

WHEREFORE, the plaintiff, Jennifer Gallucci, prays judgment against the defendant, Central Rivers Power MA, LLC, in an amount which is just and appropriate to compensate her for her injuries, together with interest and costs.

COUNT XII (Emotional Distress:  Jennifer Gallucci v. Central Rivers Power MA, LLC)

1.   The plaintiffs repeat and re-aver fully herein the allegations contained in Paragraphs in the "Parties" and "Facts Common to all Counts" section of this complaint as if each were set forth here in their entirety.

2.   As a direct and proximate result of the carelessness, inattention and negligence of the defendant, the plaintiff, Jennifer Gallucci, has suffered and will continue to suffer severe emotional distress resulting in substantial physical injury.

WHEREFORE, the plaintiff, Jennifer Gallucci, prays judgment against the defendant, Central Rivers Power MA, LLC, in an amount which is just and appropriate to compensate her for her injuries, together with interest and costs.

15

COUNT XIII (Negligence: Brayden Gallucci PPA Jennifer Gallucci v.
Central Rivers Power MA, LLC)

1. The plaintiffs repeat and re-aver fully herein the allegations contained in Paragraphs in the "Parties" and "Facts Common to all Counts" section of this complaint as if each were set forth here in their entirety.

2. The severe and permanent injuries of Brayden Gallucci PPA Jennifer Gallucci were the direct and proximate result of the negligence of the defendant, Central Rivers Power MA, LLC, including, but not limited to, as follows:

   a.  defendant negligently owned, operated, controlled, and maintained said premises;

   b.  defendant negligently failed to take reasonable and appropriate steps to avoid, alleviate, secure, and/or correct an unsafe condition that was known or should have been known to exist, thus endangering others in the area of the unsafe condition;

   c.  defendant negligently failed to take reasonable and appropriate steps to prevent injuries to persons lawfully downstream including the plaintiff, Brayden Gallucci PPA Jennifer Gallucci;

   d.  defendant negligently failed to properly hire, train, oversee, and supervise its dam operators in the safe and proper release of water;

   e.  defendant negligently failed to have in place proper and adequate protocols and safety procedures in the event of damage or disruption to the dam's computerized operating system, or other events that could result in unusually high water level flows that endangered persons downstream;

   f.  defendant negligently failed to recognize and appreciate flow related hazards to persons using the river for recreational uses;

   g.  defendant negligently failed to release water in a safe and appropriate manner;

   h.  defendant negligently failed to warn bystanders and those in the area of high water flows of imminent danger; and

   i.  defendant negligently failed to warn individuals downstream of dangerous currents created by the release of water, knowing of such hazards due to the confluence where the tailrace canal meets the river.

3. As a direct and proximate result of the carelessness, inattention and negligence of the defendant, the plaintiff, Brayden Gallucci PPA Jennifer Gallucci, was caused to sustain severe and permanent personal injuries; has incurred and will continue to incur great expense for his medical, surgical, and hospital care and treatment; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be hospitalized; has

16

been and will continue to be unable to pursue normal activities; and his ability to enjoy life has been permanently adversely affected.

WHEREFORE, the plaintiff, Brayden Gallucci PPA Jennifer Gallucci, prays judgment against the defendant, Central Rivers Power MA, LLC, in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

COUNT XIV (Emotional Distress:  Brayden Gallucci PPA Jennifer Gallucci v.
Central Rivers Power MA, LLC)

1. The plaintiffs repeat and re-aver fully herein the allegations contained in Paragraphs in the "Parties" and "Facts Common to all Counts" section of this complaint as if each were set forth here in their entirety.

2. As a direct and proximate result of the carelessness, inattention and negligence of the defendant, the plaintiff, Brayden Gallucci PPA Jennifer Gallucci, has suffered and will continue to suffer severe emotional distress resulting in substantial physical injury.

WHEREFORE, the plaintiff, Brayden Gallucci PPA Jennifer Gallucci, prays judgment against the defendant, Central Rivers Power MA, LLC, in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

COUNT XV (Negligence: Sofia Gallucci PPA Jennifer Gallucci v.
Central Rivers Power MA, LLC)

1. The plaintiffs repeat and re-aver fully herein the allegations contained in Paragraphs in the "Parties" and "Facts Common to all Counts" section of this complaint as if each were set forth here in their entirety.

2. The severe and permanent injuries of Sofia Gallucci PPA Jennifer Gallucci were the direct and proximate result of the negligence of the defendant, Central Rivers Power MA, LLC, including, but not limited to, as follows:

   a.   defendant negligently owned, operated, controlled, and maintained said premises;

   b.   defendant negligently failed to take reasonable and appropriate steps to avoid, alleviate, secure, and/or correct an unsafe condition that was known or should have been known to exist, thus endangering others in the area of the unsafe condition;

   c.   defendant negligently failed to take reasonable and appropriate steps to prevent injuries to persons lawfully downstream including the plaintiff, Sofia Gallucci PPA Jennifer Gallucci;

   d.   defendant negligently failed to properly hire, train, oversee, and supervise its dam operators in the safe and proper release of water;

17

e.  defendant negligently failed to have in place proper and adequate protocols and safety procedures in the event of damage or disruption to the dam's computerized operating system, or other events that could result in unusually high water level flows that endangered persons downstream;

f.  defendant negligently failed to recognize and appreciate flow related hazards to persons using the river for recreational uses;

g.  defendant negligently failed to release water in a safe and appropriate manner;

h.  defendant negligently failed to warn bystanders and those in the area of high water flows of imminent danger; and

i.  defendant negligently failed to warn individuals downstream of dangerous currents created by the release of water, knowing of such hazards due to the confluence where the tailrace canal meets the river.

3.  As a direct and proximate result of the carelessness, inattention and negligence of the defendant, the plaintiff, Sofia Gallucci PPA Jennifer Gallucci, was caused to sustain severe and permanent personal injuries; has incurred and will continue to incur great expense for her medical, surgical, and hospital care and treatment; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be hospitalized; has been and will continue to be unable to pursue normal activities; and her ability to enjoy life has been permanently adversely affected.

WHEREFORE, the plaintiff, Sofia Gallucci PPA Jennifer Gallucci, prays judgment against the defendant, Central Rivers Power MA, LLC, in an amount which is just and appropriate to compensate her for her injuries, together with interest and costs.

### COUNT XVI (Emotional Distress:  Sofia Gallucci PPA Jennifer Gallucci v. Central Rivers Power MA, LLC)

1.  The plaintiffs repeat and re-aver fully herein the allegations contained in Paragraphs in the "Parties" and "Facts Common to all Counts" section of this complaint as if each were set forth here in their entirety.

2.  As a direct and proximate result of the carelessness, inattention and negligence of the defendant, the plaintiff, Sofia Gallucci PPA Jennifer Gallucci, has suffered and will continue to suffer severe emotional distress resulting in substantial physical injury.

WHEREFORE, the plaintiff, Sofia Gallucci PPA Jennifer Gallucci, prays judgment against the defendant, Central Rivers Power MA, LLC, in an amount which is just and appropriate to compensate her for her injuries, together with interest and costs.

18

COUNT XVII (Negligence: Estate of Jaser Al-Rakah v. Ware River Power, Inc.)

1. The plaintiffs repeat and re-aver fully herein the allegations contained in Paragraphs in the "Parties" and "Facts Common to all Counts" section of this complaint as if each were set forth here in their entirety.

2. The injuries and death of Jaser Al-Rakah were the direct and proximate result of the negligence of the defendant, Ware River Power, Inc., including, but not limited to, as follows:

   a.   defendant negligently owned, operated, controlled, and maintained said premises;

   b.   defendant negligently failed to take reasonable and appropriate steps to avoid, alleviate, secure, and/or correct an unsafe condition that was known or should have been known to exist, thus endangering others in the area of the unsafe condition;

   c.   defendant negligently failed to take reasonable and appropriate steps to prevent injuries and death to persons lawfully downstream including the plaintiffs' decedent, Jaser Al-Rakah;

   d.   defendant negligently failed to properly hire, train, oversee, and supervise its dam operators in the safe and proper release of water;

   e.   defendant negligently failed to have in place proper and adequate protocols and safety procedures in the event of damage or disruption to the dam's computerized operating system, or other events that could result in unusually high water level flows that endangered persons downstream;

   f.   defendant negligently failed to recognize and appreciate flow related hazards to persons using the river for recreational uses;

   g.   defendant negligently failed to release water in a safe and appropriate manner;

   h.   defendant negligently failed to warn bystanders and those in the area of high water flows of imminent danger; and

   i.   defendant negligently failed to warn individuals downstream of dangerous currents created by the release of water, knowing of such hazards due to the confluence where the tailrace canal meets the river.

3. As a direct and proximate result of the carelessness, inattention and negligence of the defendant, the plaintiffs' decedent, Jaser Al-Rakah, suffered conscious pain and suffering and a premature and preventable death.

   WHEREFORE, the plaintiffs pray judgment against the defendant, Ware River Power, Inc., for the above-described wrongful deaths and damages to the estate, together with interests and costs.

COUNT XVIII (Gross Negligence: Estate of Jaser Al-Rakah v. Ware River Power, Inc.)

1.  The plaintiffs repeat and re-aver fully herein the allegations contained in Paragraphs in the "Parties" and "Facts Common to all Counts" section of this complaint as if each were set forth here in their entirety.

2.  The injuries and death of Jaser Al-Rakah were the direct and proximate result of the malicious, willful, wanton or reckless conduct, and/or by the gross negligence of the defendant, Ware River Power, Inc., including, but not limited to, as follows:

    a.  defendant negligently owned, operated, controlled, and maintained said premises;

    b.  defendant negligently failed to take reasonable and appropriate steps to avoid, alleviate, secure, and/or correct an unsafe condition that was known or should have been known to exist, thus endangering others in the area of the unsafe condition;

    c.  defendant negligently failed to take reasonable and appropriate steps to prevent injuries and death to persons lawfully downstream including the plaintiffs' decedent, Jaser Al-Rakah;

    d.  defendant negligently failed to properly hire, train, oversee, and supervise its dam operators in the safe and proper release of water;

    e.  defendant negligently failed to have in place proper and adequate protocols and safety procedures in the event of damage or disruption to the dam's computerized operating system, or other events that could result in unusually high water level flows that endangered persons downstream;

    f.  defendant negligently failed to recognize and appreciate flow related hazards to persons using the river for recreational uses;

    g.  defendant negligently failed to release water in a safe and appropriate manner;

    h.  defendant negligently failed to warn bystanders and those in the area of high water flows of imminent danger; and

    i.  defendant negligently failed to warn individuals downstream of dangerous currents created by the release of water, knowing of such hazards due to the confluence where the tailrace canal meets the river.

3.  As a direct and proximate result of the malicious, willful, wanton or reckless conduct, and/or by the gross negligence of the defendant, the plaintiffs' decedent, Jaser Al-Rakah, suffered conscious pain and suffering and a premature and preventable death.

WHEREFORE, the plaintiffs pray judgment against the defendant, Ware River Power, Inc., for the above-described wrongful death and damages to the estate, together with punitive damages, interest, and costs.

COUNT XIX (Negligence: Estate of Theeb Al-Yami v. Ware River Power, Inc.)

1. The plaintiffs repeat and re-aver fully herein the allegations contained in Paragraphs in the "Parties" and "Facts Common to all Counts" section of this complaint as if each were set forth here in their entirety.

2. The injuries and death of Theeb Al-Yami were the direct and proximate result of the negligence of the defendant, Ware River Power, Inc., including, but not limited to, as follows:

   a. defendant negligently owned, operated, controlled, and maintained said premises;

   b. defendant negligently failed to take reasonable and appropriate steps to avoid, alleviate, secure, and/or correct an unsafe condition that was known or should have been known to exist, thus endangering others in the area of the unsafe condition;

   c. defendant negligently failed to take reasonable and appropriate steps to prevent injuries and death to persons lawfully downstream including the plaintiffs' decedent, Theeb Al-Yami;

   d. defendant negligently failed to properly hire, train, oversee, and supervise its dam operators in the safe and proper release of water;

   e. defendant negligently failed to have in place proper and adequate protocols and safety procedures in the event of damage or disruption to the dam's computerized operating system, or other events that could result in unusually high water level flows that endangered persons downstream;

   f. defendant negligently failed to recognize and appreciate flow related hazards to persons using the river for recreational uses;

   g. defendant negligently failed to release water in a safe and appropriate manner;

   h. defendant negligently failed to warn bystanders and those in the area of high water flows of imminent danger; and

   i. defendant negligently failed to warn individuals downstream of dangerous currents created by the release of water, knowing of such hazards due to the confluence where the tailrace canal meets the river.

3. As a direct and proximate result of the carelessness, inattention and negligence of the defendant, the plaintiffs' decedent, Theeb Al-Yami, suffered conscious pain and suffering and a premature and preventable death.

21

WHEREFORE, the plaintiffs pray judgment against the defendant, Ware River Power, Inc., for the above-described wrongful death and damages to the estate, together with interests and costs.

<u>COUNT XX (Gross Negligence: Estate of Theeb Al-Yami v. Ware River Power, Inc.)</u>

1. The plaintiffs repeat and re-aver fully herein the allegations contained in Paragraphs in the "Parties" and "Facts Common to all Counts" section of this complaint as if each were set forth here in their entirety.

2. The injuries and death of Theeb Al-Yami were the direct and proximate result of the malicious, willful, wanton or reckless conduct, and/or by the gross negligence of the defendant, Ware River Power, Inc., including, but not limited to, as follows:

   a. defendant negligently owned, operated, controlled, and maintained said premises;

   b. defendant negligently failed to take reasonable and appropriate steps to avoid, alleviate, secure, and/or correct an unsafe condition that was known or should have been known to exist, thus endangering others in the area of the unsafe condition;

   c. defendant negligently failed to take reasonable and appropriate steps to prevent injuries and death to persons lawfully downstream including the plaintiffs' decedent, Theeb Al-Yami;

   d. defendant negligently failed to properly hire, train, oversee, and supervise its dam operators in the safe and proper release of water;

   e. defendant negligently failed to have in place proper and adequate protocols and safety procedures in the event of damage or disruption to the dam's computerized operating system, or other events that could result in unusually high water level flows that endangered persons downstream;

   f. defendant negligently failed to recognize and appreciate flow related hazards to persons using the river for recreational uses;

   g. defendant negligently failed to release water in a safe and appropriate manner;

   h. defendant negligently failed to warn bystanders and those in the area of high water flows of imminent danger; and

   i. defendant negligently failed to warn individuals downstream of dangerous currents created by the release of water, knowing of such hazards due to the confluence where the tailrace canal meets the river.

3. As a direct and proximate result of malicious, willful, wanton or reckless conduct, and/or by the gross negligence of the defendant, the plaintiffs' decedent, Theeb Al-Yami, suffered conscious pain and suffering and a premature and preventable death.

WHEREFORE, the plaintiffs pray judgment against the defendant, Ware River Power, Inc., for the above-described wrongful death and damages to the estate, together with punitive damages, interest, and costs.

<u>COUNT XXI (Negligence: Anna Sepanek v. Ware River Power, Inc.)</u>

1. The plaintiffs repeat and re-aver fully herein the allegations contained in Paragraphs in the "Parties" and "Facts Common to all Counts" section of this complaint as if each were set forth here in their entirety.

2. The severe and permanent injuries of Anna Sepanek were the direct and proximate result of the negligence of the defendant, Ware River Power, Inc., including, but not limited to, as follows:

    a.    defendant negligently owned, operated, controlled, and maintained said premises;

    b.    defendant negligently failed to take reasonable and appropriate steps to avoid, alleviate, secure, and/or correct an unsafe condition that was known or should have been known to exist, thus endangering others in the area of the unsafe condition;

    c.    defendant negligently failed to take reasonable and appropriate steps to prevent injuries to persons lawfully downstream including the plaintiff, Anna Sepanek;

    d.    defendant negligently failed to properly hire, train, oversee, and supervise its dam operators in the safe and proper release of water;

    e.    defendant negligently failed to have in place proper and adequate protocols and safety procedures in the event of damage or disruption to the dam's computerized operating system, or other events that could result in unusually high water level flows that endangered persons downstream;

    f.    defendant negligently failed to recognize and appreciate flow related hazards to persons using the river for recreational uses;

    g.    defendant negligently failed to release water in a safe and appropriate manner;

    h.    defendant negligently failed to warn bystanders and those in the area of high water flows of imminent danger; and

    i.    defendant negligently failed to warn individuals downstream of dangerous currents created by the release of water, knowing of such hazards due to the confluence where the tailrace canal meets the river.

3.  As a direct and proximate result of the carelessness, inattention and negligence of the defendant, the plaintiff, Anna Sepanek, was caused to sustain severe and permanent personal injuries; has incurred and will continue to incur great expense for her medical, surgical, and hospital care and treatment; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be hospitalized; has been and will continue to be unable to pursue normal activities; and her ability to enjoy life has been permanently adversely affected.

WHEREFORE, the plaintiff, Anna Sepanek, prays judgment against the defendant, Ware River Power, Inc., in an amount which is just and appropriate to compensate her for her injuries, together with interest and costs.

COUNT XXII (Emotional Distress:  Anna Sepanek v. Ware River Power, Inc.)

1.  The plaintiffs repeat and re-aver fully herein the allegations contained in Paragraphs in the "Parties" and "Facts Common to all Counts" section of this complaint as if each were set forth here in their entirety.

2.  As a direct and proximate result of the carelessness, inattention and negligence of the defendant, the plaintiff, Anna Sepanek, has suffered and will continue to suffer severe emotional distress resulting in substantial physical injury.

WHEREFORE, the plaintiff, Anna Sepanek, prays judgment against the defendant, Ware River Power, Inc., in an amount which is just and appropriate to compensate her for her injuries, together with interest and costs.

COUNT XXIII (Negligence: Tyler San Jurjo PPA Anna Sepanek v. Ware River Power, Inc.)

1.  The plaintiffs repeat and re-aver fully herein the allegations contained in Paragraphs in the "Parties" and "Facts Common to all Counts" section of this complaint as if each were set forth here in their entirety.

2.  The severe and permanent injuries of Tyler San Jurjo PPA Anna Sepanek, were the direct and proximate result of the negligence of the defendant, Ware River Power, Inc., including, but not limited to, as follows:

    a.  defendant negligently owned, operated, controlled, and maintained said premises;

    b.  defendant negligently failed to take reasonable and appropriate steps to avoid, alleviate, secure, and/or correct an unsafe condition that was known or should have been known to exist, thus endangering others in the area of the unsafe condition;

    c.  defendant negligently failed to take reasonable and appropriate steps to prevent injuries to persons lawfully downstream including the plaintiff, Tyler San Jurjo PPA Anna Sepanek;

24

    d.        defendant negligently failed to properly hire, train, oversee, and supervise its dam operators in the safe and proper release of water;

    e.        defendant negligently failed to have in place proper and adequate protocols and safety procedures in the event of damage or disruption to the dam's computerized operating system, or other events that could result in unusually high water level flows that endangered persons downstream;

    f.        defendant negligently failed to recognize and appreciate flow related hazards to persons using the river for recreational uses;

    g.        defendant negligently failed to release water in a safe and appropriate manner;

    h.        defendant negligently failed to warn bystanders and those in the area of high water flows of imminent danger; and

    i.        defendant negligently failed to warn individuals downstream of dangerous currents created by the release of water, knowing of such hazards due to the confluence where the tailrace canal meets the river.

3.   As a direct and proximate result of the carelessness, inattention and negligence of the defendant, the plaintiff, Tyler San Jurjo PPA Anna Sepanek, was caused to sustain severe and permanent personal injuries; has incurred and will continue to incur great expense for his medical, surgical, and hospital care and treatment; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be hospitalized; has been and will continue to be unable to pursue normal activities; and his ability to enjoy life has been permanently adversely affected.

      WHEREFORE, the plaintiff, Tyler San Jurjo PPA Anna Sepanek, prays judgment against the defendant, Ware River Power, Inc., in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

## COUNT XXIV (Emotional Distress: Tyler San Jurjo PPA Anna Sepanek v. Ware River Power, Inc.)

1.   The plaintiffs repeat and re-aver fully herein the allegations contained in Paragraphs in the "Parties" and "Facts Common to all Counts" section of this complaint as if each were set forth here in their entirety.

2.   As a direct and proximate result of the carelessness, inattention and negligence of the defendant, the plaintiff, Tyler San Jurjo PPA Anna Sepanek, has suffered and will continue to suffer severe emotional distress resulting in substantial physical injury.

      WHEREFORE, the plaintiff, Tyler San Jurjo PPA Anna Sepanek, prays judgment against the defendant, Ware River Power, Inc., in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

COUNT XXV (Negligence: Isabella San Jurjo PPA Anna Sepanek v. Ware River Power, Inc.)

1. The plaintiffs repeat and re-aver fully herein the allegations contained in Paragraphs in the "Parties" and "Facts Common to all Counts" section of this complaint as if each were set forth here in their entirety.

2. The severe and permanent injuries of Isabella San Jurjo PPA Anna Sepanek were the direct and proximate result of the negligence of the defendant, Ware River Power, Inc., including, but not limited to, as follows:

   a. defendant negligently owned, operated, controlled, and maintained said premises;

   b. defendant negligently failed to take reasonable and appropriate steps to avoid, alleviate, secure, and/or correct an unsafe condition that was known or should have been known to exist, thus endangering others in the area of the unsafe condition;

   c. defendant negligently failed to take reasonable and appropriate steps to prevent injuries to persons lawfully downstream including the plaintiff, Isabella San Jurjo PPA Anna Sepanek;

   d. defendant negligently failed to properly hire, train, oversee, and supervise its dam operators in the safe and proper release of water;

   e. defendant negligently failed to have in place proper and adequate protocols and safety procedures in the event of damage or disruption to the dam's computerized operating system, or other events that could result in unusually high water level flows that endangered persons downstream;

   f. defendant negligently failed to recognize and appreciate flow related hazards to persons using the river for recreational uses;

   g. defendant negligently failed to release water in a safe and appropriate manner;

   h. defendant negligently failed to warn bystanders and those in the area of high water flows of imminent danger; and

   i. defendant negligently failed to warn individuals downstream of dangerous currents created by the release of water, knowing of such hazards due to the confluence where the tailrace canal meets the river.

3. As a direct and proximate result of the carelessness, inattention and negligence of the defendant, the plaintiff, Isabella San Jurjo PPA Anna Sepanek, was caused to sustain severe and permanent personal injuries; has incurred and will continue to incur great expense for her medical, surgical, and hospital care and treatment; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be hospitalized; has

been and will continue to be unable to pursue normal activities; and her ability to enjoy life has been permanently adversely affected.

WHEREFORE, the plaintiff, Isabella San Jurjo PPA Anna Sepanek, prays judgment against the defendant, Ware River Power, Inc., in an amount which is just and appropriate to compensate her for her injuries, together with interest and costs.

<u>COUNT XXVI (Emotional Distress: Isabella San Jurjo PPA Anna Sepanek v.<br>Ware River Power, Inc.)</u>

1. The plaintiffs repeat and re-aver fully herein the allegations contained in Paragraphs in the "Parties" and "Facts Common to all Counts" section of this complaint as if each were set forth here in their entirety.

2. As a direct and proximate result of the carelessness, inattention and negligence of the defendant, the plaintiff, Isabella San Jurjo PPA Anna Sepanek, has suffered and will continue to suffer severe emotional distress resulting in substantial physical injury.

WHEREFORE, the plaintiff, Isabella San Jurjo PPA Anna Sepanek, prays judgment against the defendant, Ware River Power, Inc., in an amount which is just and appropriate to compensate her for her injuries, together with interest and costs.

<u>COUNT XXVII (Negligence: Jennifer Gallucci v. Ware River Power, Inc.)</u>

1. The plaintiffs repeat and re-aver fully herein the allegations contained in Paragraphs in the "Parties" and "Facts Common to all Counts" section of this complaint as if each were set forth here in their entirety.

2. The severe and permanent injuries of Jennifer Gallucci were the direct and proximate result of the negligence of the defendant, Ware River Power, Inc., including, but not limited to, as follows:

   a.   defendant negligently owned, operated, controlled, and maintained said premises;

   b.   defendant negligently failed to take reasonable and appropriate steps to avoid, alleviate, secure, and/or correct an unsafe condition that was known or should have been known to exist, thus endangering others in the area of the unsafe condition;

   c.   defendant negligently failed to take reasonable and appropriate steps to prevent injuries to persons lawfully downstream including the plaintiff, Jennifer Gallucci;

   d.   defendant negligently failed to properly hire, train, oversee, and supervise its dam operators in the safe and proper release of water;

   e.   defendant negligently failed to have in place proper and adequate protocols and safety procedures in the event of damage or disruption to the dam's computerized

27

operating system, or other events that could result in unusually high water level flows that endangered persons downstream;

    f.      defendant negligently failed to recognize and appreciate flow related hazards to persons using the river for recreational uses;

    g.      defendant negligently failed to release water in a safe and appropriate manner;

    h.      defendant negligently failed to warn bystanders and those in the area of high water flows of imminent danger; and

    i.      defendant negligently failed to warn individuals downstream of dangerous currents created by the release of water, knowing of such hazards due to the confluence where the tailrace canal meets the river.

3.   As a direct and proximate result of the carelessness, inattention and negligence of the defendant, the plaintiff, Jennifer Gallucci, was caused to sustain severe and permanent personal injuries; has incurred and will continue to incur great expense for her medical, surgical, and hospital care and treatment; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be hospitalized; has been and will continue to be unable to pursue normal activities; and her ability to enjoy life has been permanently adversely affected.

        WHEREFORE, the plaintiff, Jennifer Gallucci, prays judgment against the defendant, Ware River Power, Inc., in an amount which is just and appropriate to compensate her for her injuries, together with interest and costs.

<u>COUNT XXVIII (Emotional Distress: Jennifer Gallucci v. Ware River Power, Inc.)</u>

1.   The plaintiffs repeat and re-aver fully herein the allegations contained in Paragraphs in the "Parties" and "Facts Common to all Counts" section of this complaint as if each were set forth here in their entirety.

2.   As a direct and proximate result of the carelessness, inattention and negligence of the defendant, the plaintiff, Jennifer Gallucci, has suffered and will continue to suffer severe emotional distress resulting in substantial physical injury.

        WHEREFORE, the plaintiff, Jennifer Gallucci, prays judgment against the defendant, Ware River Power, Inc., in an amount which is just and appropriate to compensate her for her injuries, together with interest and costs.

<u>COUNT XXIX (Negligence: Brayden Gallucci PPA Jennifer Gallucci v. Ware River Power, Inc.)</u>

1.   The plaintiffs repeat and re-aver fully herein the allegations contained in Paragraphs in the "Parties" and "Facts Common to all Counts" section of this complaint as if each were set forth here in their entirety.

2.  The severe and permanent injuries of Brayden Gallucci PPA Jennifer Gallucci were the
    direct and proximate result of the negligence of the defendant, Ware River Power, Inc.,
    including, but not limited to, as follows:

    a.  defendant negligently owned, operated, controlled, and maintained said premises;

    b.  defendant negligently failed to take reasonable and appropriate steps to avoid,
        alleviate, secure, and/or correct an unsafe condition that was known or should have
        been known to exist, thus endangering others in the area of the unsafe condition;

    c.  defendant negligently failed to take reasonable and appropriate steps to prevent
        injuries to persons lawfully downstream including the plaintiff, Brayden Gallucci
        PPA Jennifer Gallucci;

    d.  defendant negligently failed to properly hire, train, oversee, and supervise its dam
        operators in the safe and proper release of water;

    e.  defendant negligently failed to have in place proper and adequate protocols and
        safety procedures in the event of damage or disruption to the dam's computerized
        operating system, or other events that could result in unusually high water level
        flows that endangered persons downstream;

    f.  defendant negligently failed to recognize and appreciate flow related hazards to
        persons using the river for recreational uses;

    g.  defendant negligently failed to release water in a safe and appropriate manner;

    h.  defendant negligently failed to warn bystanders and those in the area of high water
        flows of imminent danger; and

    i.  defendant negligently failed to warn individuals downstream of dangerous currents
        created by the release of water, knowing of such hazards due to the confluence
        where the tailrace canal meets the river.

3.  As a direct and proximate result of the carelessness, inattention and negligence of the defendant,
    the plaintiff, Brayden Gallucci PPA Jennifer Gallucci, was caused to sustain severe and
    permanent personal injuries; has incurred and will continue to incur great expense for his
    medical, surgical, and hospital care and treatment; has suffered and will continue to suffer
    great pain of body and anguish of mind; has been and will continue to be hospitalized; has
    been and will continue to be unable to pursue normal activities; and his ability to enjoy life
    has been permanently adversely affected.

    WHEREFORE, the plaintiff, Brayden Gallucci PPA Jennifer Gallucci, prays judgment
against the defendant, Ware River Power, Inc., in an amount which is just and appropriate to
compensate him for his injuries, together with interest and costs.

<u>COUNT XXX (Emotional Distress:  Brayden Gallucci PPA Jennifer Gallucci v.
Ware River Power, Inc.)</u>

1. The plaintiffs repeat and re-aver fully herein the allegations contained in Paragraphs in the "Parties" and "Facts Common to all Counts" section of this complaint as if each were set forth here in their entirety.

2. As a direct and proximate result of the carelessness, inattention and negligence of the defendant, the plaintiff, Brayden Gallucci PPA Jennifer Gallucci, has suffered and will continue to suffer severe emotional distress resulting in substantial physical injury.

    WHEREFORE, the plaintiff, Brayden Gallucci PPA Jennifer Gallucci, prays judgment against the defendant, Ware River Power, Inc., in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

<u>COUNT XXXI (Negligence: Sofia Gallucci PPA Jennifer Gallucci v. Ware River Power, Inc.)</u>

1. The plaintiffs repeat and re-aver fully herein the allegations contained in Paragraphs in the "Parties" and "Facts Common to all Counts" section of this complaint as if each were set forth here in their entirety.

2. The severe and permanent injuries of Sofia Gallucci PPA Jennifer Gallucci were the direct and proximate result of the negligence of the defendant, Ware River Power, Inc., including, but not limited to, as follows:

    a.    defendant negligently owned, operated, controlled, and maintained said premises;

    b.    defendant negligently failed to take reasonable and appropriate steps to avoid, alleviate, secure, and/or correct an unsafe condition that was known or should have been known to exist, thus endangering others in the area of the unsafe condition;

    c.    defendant negligently failed to take reasonable and appropriate steps to prevent injuries to persons lawfully downstream including the plaintiff, Sofia Gallucci PPA Jennifer Gallucci;

    d.    defendant negligently failed to properly hire, train, oversee, and supervise its dam operators in the safe and proper release of water;

    e.    defendant negligently failed to have in place proper and adequate protocols and safety procedures in the event of damage or disruption to the dam's computerized operating system, or other events that could result in unusually high water level flows that endangered persons downstream;

    f.    defendant negligently failed to recognize and appreciate flow related hazards to persons using the river for recreational uses;

g.      defendant negligently failed to release water in a safe and appropriate manner;

h.      defendant negligently failed to warn bystanders and those in the area of high water flows of imminent danger; and

i.      defendant negligently failed to warn individuals downstream of dangerous currents created by the release of water, knowing of such hazards due to the confluence where the tailrace canal meets the river.

3. As a direct and proximate result of the carelessness, inattention and negligence of the defendant, the plaintiff, Sofia Gallucci PPA Jennifer Gallucci, was caused to sustain severe and permanent personal injuries; has incurred and will continue to incur great expense for her medical, surgical, and hospital care and treatment; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be hospitalized; has been and will continue to be unable to pursue normal activities; and her ability to enjoy life has been permanently adversely affected.

WHEREFORE, the plaintiff, Sofia Gallucci PPA Jennifer Gallucci, prays judgment against the defendant, Ware River Power, Inc., in an amount which is just and appropriate to compensate her for her injuries, together with interest and costs.

### COUNT XXXII (Emotional Distress:  Sofia Gallucci PPA Jennifer Gallucci v. Ware River Power, Inc.)

1. The plaintiffs repeat and re-aver fully herein the allegations contained in Paragraphs in the "Parties" and "Facts Common to all Counts" section of this complaint as if each were set forth here in their entirety.

2. As a direct and proximate result of the carelessness, inattention and negligence of the defendant, the plaintiff, Sofia Gallucci PPA Jennifer Gallucci, has suffered and will continue to suffer severe emotional distress resulting in substantial physical injury.

WHEREFORE, the plaintiff, Sofia Gallucci PPA Jennifer Gallucci, prays judgment against the defendant, Ware River Power, Inc., in an amount which is just and appropriate to compensate her for her injuries, together with interest and costs.

### COUNT XXXIII (Negligence: Estate of Jaser Al-Rakah v. John Doe #1)

1. The plaintiffs repeat and re-aver fully herein the allegations contained in Paragraphs in the "Parties" and "Facts Common to all Counts" section of this complaint as if each were set forth here in their entirety.

2. The injuries and death of Jaser Al-Rakah were the direct and proximate result of the negligence of the defendant, John Doe #1, including, but not limited to, as follows:

a.      defendant negligently operated, controlled, repaired, and maintained said premises;

31

b.      defendant negligently failed to take reasonable and appropriate steps to avoid, alleviate, secure, and/or correct an unsafe condition that was known or should have been known to exist, thus endangering others in the area of the unsafe condition;

c.      defendant negligently failed to take reasonable and appropriate steps to prevent injuries and death to persons lawfully downstream including the plaintiffs' decedent, Jaser Al-Rakah;

d.      defendant negligently failed to properly and safely repair the dam operating system and failed to avoid an unsafe release of large quantities of water;

e.      defendant negligently failed to have in place proper and adequate protocols and safety procedures in the event of damage or disruption to the dam's computerized operating system, or other events that could result in unusually high water level flows that endangered persons downstream;

f.      defendant negligently failed to recognize and appreciate flow related hazards to persons using the river for recreational uses;

g.      defendant negligently failed to release water in a safe and appropriate manner;

h.      defendant negligently failed to warn bystanders and those in the area of high water flows of imminent danger; and

i.      defendant negligently failed to warn individuals downstream of dangerous currents created by the release of water, knowing of such hazards due to the confluence where the tailrace canal meets the river.

3.  As a direct and proximate result of the carelessness, inattention and negligence of the defendant, the plaintiffs' decedent, Jaser Al-Rakah, suffered conscious pain and suffering and a premature and preventable death.

WHEREFORE, the plaintiffs pray judgment against the defendant, John Doe #1, for the above-described wrongful deaths and damages to the estates, together with interests and costs.

<u>COUNT XXXIV (Gross Negligence: Estate of Jaser Al-Rakah v. John Doe #1)</u>

1.  The plaintiffs repeat and re-aver fully herein the allegations contained in Paragraphs in the "Parties" and "Facts Common to all Counts" section of this complaint as if each were set forth here in their entirety.

2.  The injuries and death of Jaser Al-Rakah were the direct and proximate result of the malicious, willful, wanton or reckless conduct, and/or by the gross negligence of the defendant, John Doe #1, including, but not limited to, as follows:

a.   defendant negligently operated, controlled, repaired, and maintained said premises;

b.   defendant negligently failed to take reasonable and appropriate steps to avoid, alleviate, secure, and/or correct an unsafe condition that was known or should have been known to exist, thus endangering others in the area of the unsafe condition;

c.   defendant negligently failed to take reasonable and appropriate steps to prevent injuries and death to persons lawfully downstream including the plaintiffs' decedent, Jaser Al-Rakah;

d.   defendant negligently failed to properly and safely repair the dam operating system and failed to avoid an unsafe release of large quantities of water;

e.   defendant negligently failed to have in place proper and adequate protocols and safety procedures in the event of damage or disruption to the dam's computerized operating system, or other events that could result in unusually high water level flows that endangered persons downstream;

f.   defendant negligently failed to recognize and appreciate flow related hazards to persons using the river for recreational uses;

g.   defendant negligently failed to release water in a safe and appropriate manner;

h.   defendant negligently failed to seek appropriate assistance, guidance, advice, and instruction regarding the handling of dam operations;

i.   defendant negligently failed to warn bystanders and those in the area of high water flows of imminent danger; and

j.   defendant negligently failed to warn individuals downstream of dangerous currents created by the release of water, knowing of such hazards due to the confluence where the tailrace canal meets the river.

3.   As a direct and proximate result of the malicious, willful, wanton or reckless conduct, and/or by the gross negligence of the defendant, the plaintiffs' decedent, Jaser Al-Rakah, suffered conscious pain and suffering and a premature and preventable death.

WHEREFORE, the plaintiffs pray judgment against the defendant, John Doe #1, for the above-described wrongful death and damages to the estate, together with punitive damages, interest, and costs.

COUNT XXXV (Negligence: Estate of Theeb Al-Yami v. John Doe #1)

1.   The plaintiffs repeat and re-aver fully herein the allegations contained in Paragraphs in the "Parties" and "Facts Common to all Counts" section of this complaint as if each were set forth here in their entirety.

2.  The injuries and death of Theeb Al-Yami were the direct and proximate result of the negligence of the defendant, John Doe #1, including, but not limited to, as follows:

    a.  defendant negligently operated, controlled, repaired, and maintained said premises;

    b.  defendant negligently failed to take reasonable and appropriate steps to avoid, alleviate, secure, and/or correct an unsafe condition that was known or should have been known to exist, thus endangering others in the area of the unsafe condition;

    c.  defendant negligently failed to take reasonable and appropriate steps to prevent injuries and death to persons lawfully downstream including the plaintiffs' decedent, Theeb Al-Yami;

    d.  defendant negligently failed to properly and safely repair the dam operating system and failed to avoid an unsafe release of large quantities of water;

    e.  defendant negligently failed to have in place proper and adequate protocols and safety procedures in the event of damage or disruption to the dam's computerized operating system, or other events that could result in unusually high water level flows that endangered persons downstream;

    f.  defendant negligently failed to recognize and appreciate flow related hazards to persons using the river for recreational uses;

    g.  defendant negligently failed to release water in a safe and appropriate manner;

    h.  defendant negligently failed to seek appropriate assistance, guidance, advice, and instruction regarding the handling of dam operations;

    i.  defendant negligently failed to warn bystanders and those in the area of high water flows of imminent danger; and

    j.  defendant negligently failed to warn individuals downstream of dangerous currents created by the release of water, knowing of such hazards due to the confluence where the tailrace canal meets the river.

3.  As a direct and proximate result of the carelessness, inattention and negligence of the defendant, the plaintiffs' decedent, Theeb Al-Yami, suffered conscious pain and suffering and a premature and preventable death.

    WHEREFORE, the plaintiffs pray judgment against the defendant, John Doe #1, for the above-described wrongful death and damages to the estate, together with interests and costs.

COUNT XXXVI (Gross Negligence: Estate of Theeb Al-Yami v. John Doe #1)

1. The plaintiffs repeat and re-aver fully herein the allegations contained in Paragraphs in the "Parties" and "Facts Common to all Counts" section of this complaint as if each were set forth here in their entirety.

2. The injuries and death of Theeb Al-Yami were the direct and proximate result of the malicious, willful, wanton or reckless conduct, and/or by the gross negligence of the defendant, John Doe #1, including, but not limited to, as follows:

   a.  defendant negligently operated, controlled, repaired, and maintained said premises;

   b.  defendant negligently failed to take reasonable and appropriate steps to avoid, alleviate, secure, and/or correct an unsafe condition that was known or should have been known to exist, thus endangering others in the area of the unsafe condition;

   c.  defendant negligently failed to take reasonable and appropriate steps to prevent injuries and death to persons lawfully downstream including the plaintiffs' decedent, Theeb Al-Yami;

   d.  defendant negligently failed to properly and safely repair the dam operating system and failed to avoid an unsafe release of large quantities of water;

   e.  defendant negligently failed to have in place proper and adequate protocols and safety procedures in the event of damage or disruption to the dam's computerized operating system, or other events that could result in unusually high water level flows that endangered persons downstream;

   f.  defendant negligently failed to recognize and appreciate flow related hazards to persons using the river for recreational uses;

   g.  defendant negligently failed to release water in a safe and appropriate manner;

   h.  defendant negligently failed to seek appropriate assistance, guidance, advice, and instruction regarding the handling of dam operations;

   i.  defendant negligently failed to warn bystanders and those in the area of high water flows of imminent danger; and

   j.  defendant negligently failed to warn individuals downstream of dangerous currents created by the release of water, knowing of such hazards due to the confluence where the tailrace canal meets the river.

3. As a direct and proximate result of malicious, willful, wanton or reckless conduct, and/or by the gross negligence of the defendant, the plaintiffs' decedent, Theeb Al-Yami, suffered conscious pain and suffering and a premature and preventable death.

WHEREFORE, the plaintiffs pray judgment against the defendant, John Doe #1, for the above-described wrongful death and damages to the estate, together with punitive damages, interest, and costs.

<u>COUNT XXXVII (Negligence: Anna Sepanek v. John Doe #1)</u>

1. The plaintiffs repeat and re-aver fully herein the allegations contained in Paragraphs in the "Parties" and "Facts Common to all Counts" section of this complaint as if each were set forth here in their entirety.

2. The severe and permanent injuries of Anna Sepanek were the direct and proximate result of the negligence of the defendant, John Doe #1, including, but not limited to, as follows:

   a. defendant negligently operated, controlled, repaired, and maintained said premises;

   b. defendant negligently failed to take reasonable and appropriate steps to avoid, alleviate, secure, and/or correct an unsafe condition that was known or should have been known to exist, thus endangering others in the area of the unsafe condition;

   c. defendant negligently failed to take reasonable and appropriate steps to prevent injuries to persons lawfully downstream including the plaintiff, Anna Sepanek;

   d. defendant negligently failed to properly and safely repair the dam operating system and failed to avoid an unsafe release of large quantities of water;

   e. defendant negligently failed to have in place proper and adequate protocols and safety procedures in the event of damage or disruption to the dam's computerized operating system, or other events that could result in unusually high water level flows that endangered persons downstream;

   f. defendant negligently failed to recognize and appreciate flow related hazards to persons using the river for recreational uses;

   g. defendant negligently failed to release water in a safe and appropriate manner;

   h. defendant negligently failed to seek appropriate assistance, guidance, advice, and instruction regarding the handling of dam operations;

   i. defendant negligently failed to warn bystanders and those in the area of high water flows of imminent danger; and

   j. defendant negligently failed to warn individuals downstream of dangerous currents created by the release of water, knowing of such hazards due to the confluence where the tailrace canal meets the river.

3. As a direct and proximate result of the carelessness, inattention and negligence of the defendant, the plaintiff, Anna Sepanek, was caused to sustain severe and permanent personal injuries; has incurred and will continue to incur great expense for her medical, surgical, and hospital care and treatment; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be hospitalized; has been and will continue to be unable to pursue normal activities; and her ability to enjoy life has been permanently adversely affected.

WHEREFORE, the plaintiff, Anna Sepanek, prays judgment against the defendant, John Doe #1, in an amount which is just and appropriate to compensate her for her injuries, together with interest and costs.

## COUNT XXXVIII (Emotional Distress:  Anna Sepanek v. John Doe #1)

1. The plaintiffs repeat and re-aver fully herein the allegations contained in Paragraphs in the "Parties" and "Facts Common to all Counts" section of this complaint as if each were set forth here in their entirety.

2. As a direct and proximate result of the carelessness, inattention and negligence of the defendant, the plaintiff, Anna Sepanek, has suffered and will continue to suffer severe emotional distress resulting in substantial physical injury.

WHEREFORE, the plaintiff, Anna Sepanek, prays judgment against the defendant, John Doe #1, in an amount which is just and appropriate to compensate her for her injuries, together with interest and costs.

## COUNT XXXIX (Negligence: Tyler San Jurjo PPA Anna Sepanek v. John Doe #1)

1. The plaintiffs repeat and re-aver fully herein the allegations contained in Paragraphs in the "Parties" and "Facts Common to all Counts" section of this complaint as if each were set forth here in their entirety.

2. The severe and permanent injuries of Tyler San Jurjo PPA Anna Sepanek, were the direct and proximate result of the negligence of the defendant, John Doe #1, including, but not limited to, as follows:

    a.   defendant negligently operated, controlled, repaired, and maintained said premises;

    b.   defendant negligently failed to take reasonable and appropriate steps to avoid, alleviate, secure, and/or correct an unsafe condition that was known or should have been known to exist, thus endangering others in the area of the unsafe condition;

    c.   defendant negligently failed to take reasonable and appropriate steps to prevent injuries to persons lawfully downstream including the plaintiff, Tyler San Jurjo PPA Anna Sepanek;

    d.       defendant negligently failed to properly and safely repair the dam operating system and failed to avoid an unsafe release of large quantities of water;

    e.       defendant negligently failed to have in place proper and adequate protocols and safety procedures in the event of damage or disruption to the dam's computerized operating system, or other events that could result in unusually high water level flows that endangered persons downstream;

    f.       defendant negligently failed to recognize and appreciate flow related hazards to persons using the river for recreational uses;

    g.       defendant negligently failed to release water in a safe and appropriate manner;

    h.       defendant negligently failed to seek appropriate assistance, guidance, advice, and instruction regarding the handling of dam operations;

    i.       defendant negligently failed to warn bystanders and those in the area of high water flows of imminent danger; and

    j.       defendant negligently failed to warn individuals downstream of dangerous currents created by the release of water, knowing of such hazards due to the confluence where the tailrace canal meets the river.

3. As a direct and proximate result of the carelessness, inattention and negligence of the defendant, the plaintiff, Tyler San Jurjo PPA Anna Sepanek, was caused to sustain severe and permanent personal injuries; has incurred and will continue to incur great expense for his medical, surgical, and hospital care and treatment; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be hospitalized; has been and will continue to be unable to pursue normal activities; and his ability to enjoy life has been permanently adversely affected.

WHEREFORE, the plaintiff, Tyler San Jurjo PPA Anna Sepanek, prays judgment against the defendant, John Doe #1, in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

COUNT XL (Emotional Distress:  Tyler San Jurjo PPA Anna Sepanek v. John Doe #1)

1. The plaintiffs repeat and re-aver fully herein the allegations contained in Paragraphs in the "Parties" and "Facts Common to all Counts" section of this complaint as if each were set forth here in their entirety.

2. As a direct and proximate result of the carelessness, inattention and negligence of the defendant, the plaintiff, Tyler San Jurjo PPA Anna Sepanek, has suffered and will continue to suffer severe emotional distress resulting in substantial physical injury.

WHEREFORE, the plaintiff, Tyler San Jurjo PPA Anna Sepanek, prays judgment against the defendant, John Doe #1, in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

<u>COUNT XLI (Negligence: Isabella San Jurjo PPA Anna Sepanek v. John Doe #1)</u>

1.  The plaintiffs repeat and re-aver fully herein the allegations contained in Paragraphs in the "Parties" and "Facts Common to all Counts" section of this complaint as if each were set forth here in their entirety.

2.  The severe and permanent injuries of Isabella San Jurjo PPA Anna Sepanek were the direct and proximate result of the negligence of the defendant, John Doe #1, including, but not limited to, as follows:

    a.   defendant negligently operated, controlled, repaired, and maintained said premises;

    b.   defendant negligently failed to take reasonable and appropriate steps to avoid, alleviate, secure, and/or correct an unsafe condition that was known or should have been known to exist, thus endangering others in the area of the unsafe condition;

    c.   defendant negligently failed to take reasonable and appropriate steps to prevent injuries to persons lawfully downstream including the plaintiff, Isabella San Jurjo PPA Anna Sepanek;

    d.   defendant negligently failed to properly and safely repair the dam operating system and failed to avoid an unsafe release of large quantities of water;

    e.   defendant negligently failed to have in place proper and adequate protocols and safety procedures in the event of damage or disruption to the dam's computerized operating system, or other events that could result in unusually high water level flows that endangered persons downstream;

    f.   defendant negligently failed to recognize and appreciate flow related hazards to persons using the river for recreational uses;

    g.   defendant negligently failed to release water in a safe and appropriate manner;

    h.   defendant negligently failed to seek appropriate assistance, guidance, advice, and instruction regarding the handling of dam operations;

    i.   defendant negligently failed to warn bystanders and those in the area of high water flows of imminent danger; and

    j.   defendant negligently failed to warn individuals downstream of dangerous currents created by the release of water, knowing of such hazards due to the confluence where the tailrace canal meets the river.

3. As a direct and proximate result of the carelessness, inattention and negligence of the defendant, the plaintiff, Isabella San Jurjo PPA Anna Sepanek, was caused to sustain severe and permanent personal injuries; has incurred and will continue to incur great expense for her medical, surgical, and hospital care and treatment; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be hospitalized; has been and will continue to be unable to pursue normal activities; and her ability to enjoy life has been permanently adversely affected.

WHEREFORE, the plaintiff, Isabella San Jurjo PPA Anna Sepanek, prays judgment against the defendant, John Doe #1, in an amount which is just and appropriate to compensate her for her injuries, together with interest and costs.

COUNT XLII (Emotional Distress: Isabella San Jurjo PPA Anna Sepanek v. John Doe #1)

1. The plaintiffs repeat and re-aver fully herein the allegations contained in Paragraphs in the "Parties" and "Facts Common to all Counts" section of this complaint as if each were set forth here in their entirety.

2. As a direct and proximate result of the carelessness, inattention and negligence of the defendant, the plaintiff, Isabella San Jurjo PPA Anna Sepanek, has suffered and will continue to suffer severe emotional distress resulting in substantial physical injury.

WHEREFORE, the plaintiff, Isabella San Jurjo PPA Anna Sepanek, prays judgment against the defendant, John Doe #1, in an amount which is just and appropriate to compensate her for her injuries, together with interest and costs.

COUNT XLIII (Negligence: Jennifer Gallucci v. John Doe #1)

1. The plaintiffs repeat and re-aver fully herein the allegations contained in Paragraphs in the "Parties" and "Facts Common to all Counts" section of this complaint as if each were set forth here in their entirety.

2. The severe and permanent injuries of Jennifer Gallucci were the direct and proximate result of the negligence of the defendant, John Doe #1, including, but not limited to, as follows:

   a. defendant negligently operated, controlled, repaired, and maintained said premises;

   b. defendant negligently failed to take reasonable and appropriate steps to avoid, alleviate, secure, and/or correct an unsafe condition that was known or should have been known to exist, thus endangering others in the area of the unsafe condition;

   c. defendant negligently failed to take reasonable and appropriate steps to prevent injuries to persons lawfully downstream including the plaintiff, Jennifer Gallucci;

d.  defendant negligently failed to properly and safely repair the dam operating system and failed to avoid an unsafe release of large quantities of water;

e.  defendant negligently failed to have in place proper and adequate protocols and safety procedures in the event of damage or disruption to the dam's computerized operating system, or other events that could result in unusually high water level flows that endangered persons downstream;

f.  defendant negligently failed to recognize and appreciate flow related hazards to persons using the river for recreational uses;

g.  defendant negligently failed to release water in a safe and appropriate manner;

h.  defendant negligently failed to seek appropriate assistance, guidance, advice, and instruction regarding the handling of dam operations;

i.  defendant negligently failed to warn bystanders and those in the area of high water flows of imminent danger; and

j.  defendant negligently failed to warn individuals downstream of dangerous currents created by the release of water, knowing of such hazards due to the confluence where the tailrace canal meets the river.

3. As a direct and proximate result of the carelessness, inattention and negligence of the defendant, the plaintiff, Jennifer Gallucci, was caused to sustain severe and permanent personal injuries; has incurred and will continue to incur great expense for her medical, surgical, and hospital care and treatment; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be hospitalized; has been and will continue to be unable to pursue normal activities; and her ability to enjoy life has been permanently adversely affected.

WHEREFORE, the plaintiff, Jennifer Gallucci, prays judgment against the defendant, John Doe #1, in an amount which is just and appropriate to compensate her for her injuries, together with interest and costs.

COUNT XLIV (Emotional Distress:  Jennifer Gallucci v. John Doe #1)

1. The plaintiffs repeat and re-aver fully herein the allegations contained in Paragraphs in the "Parties" and "Facts Common to all Counts" section of this complaint as if each were set forth here in their entirety.

2. As a direct and proximate result of the carelessness, inattention and negligence of the defendant, the plaintiff, Jennifer Gallucci, has suffered and will continue to suffer severe emotional distress resulting in substantial physical injury.

41

WHEREFORE, the plaintiff, Jennifer Gallucci, prays judgment against the defendant, John Doe #1, in an amount which is just and appropriate to compensate her for her injuries, together with interest and costs.

<u>COUNT XLV (Negligence: Brayden Gallucci PPA Jennifer Gallucci v. John Doe #1)</u>

1.  The plaintiffs repeat and re-aver fully herein the allegations contained in Paragraphs in the "Parties" and "Facts Common to all Counts" section of this complaint as if each were set forth here in their entirety.

2.  The severe and permanent injuries of Brayden Gallucci PPA Jennifer Gallucci were the direct and proximate result of the negligence of the defendant, John Doe #1, including, but not limited to, as follows:

    a.  defendant negligently operated, controlled, repaired, and maintained said premises;

    b.  defendant negligently failed to take reasonable and appropriate steps to avoid, alleviate, secure, and/or correct an unsafe condition that was known or should have been known to exist, thus endangering others in the area of the unsafe condition;

    c.  defendant negligently failed to take reasonable and appropriate steps to prevent injuries to persons lawfully downstream including the plaintiff, Brayden Gallucci PPA Jennifer Gallucci;

    d.  defendant negligently failed to properly and safely repair the dam operating system and failed to avoid an unsafe release of large quantities of water;

    e.  defendant negligently failed to have in place proper and adequate protocols and safety procedures in the event of damage or disruption to the dam's computerized operating system, or other events that could result in unusually high water level flows that endangered persons downstream;

    f.  defendant negligently failed to recognize and appreciate flow related hazards to persons using the river for recreational uses;

    g.  defendant negligently failed to release water in a safe and appropriate manner;

    h.  defendant negligently failed to seek appropriate assistance, guidance, advice, and instruction regarding the handling of dam operations;

    i.  defendant negligently failed to warn bystanders and those in the area of high water flows of imminent danger; and

    j.  defendant negligently failed to warn individuals downstream of dangerous currents created by the release of water, knowing of such hazards due to the confluence where the tailrace canal meets the river.

3.  As a direct and proximate result of the carelessness, inattention and negligence of the defendant, the plaintiff, Brayden Gallucci PPA Jennifer Gallucci, was caused to sustain severe and permanent personal injuries; has incurred and will continue to incur great expense for his medical, surgical, and hospital care and treatment; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be hospitalized; has been and will continue to be unable to pursue normal activities; and his ability to enjoy life has been permanently adversely affected.

WHEREFORE, the plaintiff, Brayden Gallucci PPA Jennifer Gallucci, prays judgment against the defendant, John Doe #1, in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

COUNT XLVI (Emotional Distress:  Brayden Gallucci PPA Jennifer Gallucci v. John Doe #1)

1.  The plaintiffs repeat and re-aver fully herein the allegations contained in Paragraphs in the "Parties" and "Facts Common to all Counts" section of this complaint as if each were set forth here in their entirety.

2.  As a direct and proximate result of the carelessness, inattention and negligence of the defendant, the plaintiff, Brayden Gallucci PPA Jennifer Gallucci, has suffered and will continue to suffer severe emotional distress resulting in substantial physical injury.

WHEREFORE, the plaintiff, Brayden Gallucci PPA Jennifer Gallucci, prays judgment against the defendant, John Doe #1, in an amount which is just and appropriate to compensate him for his injuries, together with interest and costs.

COUNT XLVII (Negligence: Sofia Gallucci PPA Jennifer Gallucci v. John Doe #1)

1.  The plaintiffs repeat and re-aver fully herein the allegations contained in Paragraphs in the "Parties" and "Facts Common to all Counts" section of this complaint as if each were set forth here in their entirety.

2.  The severe and permanent injuries of Sofia Gallucci PPA Jennifer Gallucci were the direct and proximate result of the negligence of the defendant, John Doe #1, including, but not limited to, as follows:

    a.  defendant negligently operated, controlled, repaired, and maintained said premises;

    b.  defendant negligently failed to take reasonable and appropriate steps to avoid, alleviate, secure, and/or correct an unsafe condition that was known or should have been known to exist, thus endangering others in the area of the unsafe condition;

    c.  defendant negligently failed to take reasonable and appropriate steps to prevent injuries to persons lawfully downstream including the plaintiff, Sofia Gallucci PPA

43

Jennifer Gallucci;

    d.    defendant negligently failed to properly and safely repair the dam operating system and failed to avoid an unsafe release of large quantities of water;

    e.    defendant negligently failed to have in place proper and adequate protocols and safety procedures in the event of damage or disruption to the dam's computerized operating system, or other events that could result in unusually high water level flows that endangered persons downstream;

    f.    defendant negligently failed to recognize and appreciate flow related hazards to persons using the river for recreational uses;

    g.    defendant negligently failed to release water in a safe and appropriate manner;

    h.    defendant negligently failed to seek appropriate assistance, guidance, advice, and instruction regarding the handling of dam operations;

    i.    defendant negligently failed to warn bystanders and those in the area of high water flows of imminent danger; and

    j.    defendant negligently failed to warn individuals downstream of dangerous currents created by the release of water, knowing of such hazards due to the confluence where the tailrace canal meets the river.

3.    As a direct and proximate result of the carelessness, inattention and negligence of the defendant, the plaintiff, Sofia Gallucci PPA Jennifer Gallucci, was caused to sustain severe and permanent personal injuries; has incurred and will continue to incur great expense for her medical, surgical, and hospital care and treatment; has suffered and will continue to suffer great pain of body and anguish of mind; has been and will continue to be hospitalized; has been and will continue to be unable to pursue normal activities; and her ability to enjoy life has been permanently adversely affected.

    WHEREFORE, the plaintiff, Sofia Gallucci PPA Jennifer Gallucci, prays judgment against the defendant, John Doe #1, in an amount which is just and appropriate to compensate her for her injuries, together with interest and costs.

    COUNT XLVIII (Emotional Distress: Sofia Gallucci PPA Jennifer Gallucci v. John Doe #1)

1.    The plaintiffs repeat and re-aver fully herein the allegations contained in Paragraphs in the "Parties" and "Facts Common to all Counts" section of this complaint as if each were set forth here in their entirety.

2.    As a direct and proximate result of the carelessness, inattention and negligence of the defendant, the plaintiff, Sofia Gallucci PPA Jennifer Gallucci, has suffered and will continue to suffer severe emotional distress resulting in substantial physical injury.

WHEREFORE, the plaintiff, Sofia Gallucci PPA Jennifer Gallucci, prays judgment against the defendant, John Doe #1, in an amount which is just and appropriate to compensate her for her injuries, together with interest and costs.

PLAINTIFFS CLAIM TRIAL BY JURY.

Respectfully submitted,
The plaintiffs,
By their attorneys,


*Andrew C. Meyer, Jr.*
Andrew C. Meyer, Jr. (BBO# 344300)
William J. Thompson  (BBO# 559275)
LUBIN & MEYER, P.C.
100 City Hall Plaza
Boston, MA 02108-2106
(617) 740-4447