UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANNA SEPANEK, INDIVIDUALLY, TYLER SAN JURJO, PPA<br>ANNA SEPANEK, ISABELLA SAN JURJO, PPA<br>ANNA SEPANEK, JENNIFER GALLUCCI, INDIVIDUALLY, BRAYDEN GALLUCCI PPA JENNIFER GALLUCCI, and SOFIA GALLUCCI PPA JENNIFER GALLUCCI,<br><br>    Plaintiffs,<br><br>v.<br><br>CENTRAL RIVERS POWER MA, LLC, WARE RIVER POWER, INC., and JOHN DOE #1,<br><br>    Defendants. | C.A. NO. 3:20-CV-11053-MGM |

<u>PLAINTIFFS' MEMORANDUM IN OPPOSITION TO THE DEFENDANTS' MOTION TO STRIKE EXPERT REPORT OF DR. YOLANDA OLAYA</u>

The Plaintiffs, Anna Sepanek, individually and on behalf of minors Tyler San Jurjo and Isabella San Jurjo, and Jennifer Gallucci, individually and on behalf of minors Brayden Gallucci and Sofia Gallucci, hereby submit this memorandum in opposition to the Defendants' Motion to strike Plaintiffs' expert report of Dr. Yolanda Olaya and respectfully request that the Court deny their Motion in full. In support of this opposition, the Plaintiffs state the following:

Dr. Yolanda Olaya, a licensed psychologist, was specifically retained by Plaintiffs' counsel in connection with the Defendants' pending Motion to approve the minor settlements in order to opine and report on the emotional distress suffered by the Plaintiffs in this action as a result of the near-drowning incident that occurred on June 29, 2018.  <u>See</u> Exhibit A to Plaintiffs' Opposition to Defendants' Motion to Approve Minor Settlements (filed under seal), at p. 1. The

1

Court scheduled an evidentiary hearing relative to the Defendants' Motion to approve the minor settlements, which is currently scheduled for December 20, 2023, and per the Court's Order, dated September 5, 2023, the Court assigned "Plaintiffs the burden of production as to their position regarding the pending motion." See ECF No. 154 and 159.

The information contained within Dr. Olaya's preliminary report regarding the severity and extent of the Plaintiffs' emotional distress in connection with the June 29, 2018, near-drowning incident is critical to the Court's determination as to whether the settlement the Defendants seek to enforce is fair, adequate, and in the best interests of the minor children.[1] The settlement agreement the Defendants seek Court approval of as to the minor Plaintiffs only apportions $100,000.00 to each family without any specification as to the amounts allocated for the children. As previously discussed in the Plaintiffs' Memorandum in opposition to the Defendants' Motion to approve, the settlement value in this case for the Sepanek and Gallucci families, $200,000.00 to be shared between six Plaintiffs, including four minors, is nuisance value, which in light of the severity of the minor children's emotional distress damages, as outlined in Dr. Olaya's preliminary report, is inadequate, unfair, and against the best interests of the minor children.

Since Plaintiffs carry the burden of production at the evidentiary hearing on the

---

[1] The purpose behind court approval of a minor settlement, pursuant to M.G.L. c. 231, § 140C ½, is to ensure that the settlement is fair, adequate, and in the best interests of the minor children under the circumstances. See Abdulky v. Lubin & Meyer, P.C., 102 Mass. App. Ct. 441, 447 (2023). In deciding whether a minor settlement should be approved or set aside, the Court should consider whether the settlement is inadequate or made with conscious disregard of the minor's best interests. Baker v. Binder, 34 Mass. App. Ct. 287, 292 (1993), citing Nagle v. O'Neil, 337 Mass. 80, 81 (1958).

Defendants' Motion to approve the minor settlements, it would be against the best interests of the minor Plaintiffs and unfairly prejudicial to the Plaintiffs to strike the preliminary report of Dr. Olaya when deciding the Defendants' pending Motion to approve, as it provides information necessary and pertinent to the Court's evaluation of whether the settlement appropriately, adequately, and fairly accounts for the minor Plaintiffs' damages.

WHEREFORE, the Plaintiffs respectfully request that the Defendants' Motion to Strike the expert report of Dr. Olaya be denied in full.

        Respectfully Submitted,
        The Plaintiffs,
        By their attorneys,

*/s/ John T. Martin*
John T. Martin (BBO # 676344)
jmartin@kecheslaw.com
Michaela M. Weaver (BBO #705985)
mweaver@kecheslaw.com
Keches Law Group
100 Front Street, Suite 2010
Worcester, MA 01608
(508) 821-4396

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing document filed under seal through the CM/ECF system on September 28, 2023, was served electronically upon all registered participants, as identified on the NEF system, via electronic mail.

**/s/ John T. Martin**