UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CYNTHIA FAREED AND JAMES MASELAN, CO-PERSONAL REPRESENTATIVES OF THE ESTATE OF JASER AL-RAKAH, CYNTHIA FAREED AND JAMES MASELAN, CO-PERSONAL REPRESENTATIVES OF THE ESTATE OF THEEB AL-YAMI, ANNA SEPANEK, Individually, TYLER SAN JURJO, PPA ANNA SEPANEK, ISABELLA SAN JURJO, PPA ANNA SEPANEK, JENNIFER GALLUCCI, Individually, BRAYDEN GALLUCCI PPA JENNIFER GALLUCCI, and SOFIA GALLUCCI PPA JENNIFER GALLUCCI<br>Plaintiffs,<br><br>v.<br><br>CENTRAL RIVERS POWER MA, LLC, WARE RIVER POWER, INC., and JOHN DOE #1,<br>Defendants. | C.A. NO. 3:20-CV-11053-MGM |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' JOINT MOTION FOR PROTECTIVE ORDER AND REQUEST FOR LEAVE TO CONDUCT RULE 30(b)(6) DEPOSITIONS OF DEFENDANTS**

Plaintiffs hereby oppose Defendants' Joint Motion for Protective Order. Plaintiffs further request, pursuant to Fed. R. Civ. P. 30(a)(2)(ii), leave to conduct narrow Rule 30(b)(6) depositions of each Defendant concerning Defendants' assertion that neither has possession, custody or control of materials referenced by Trevor Heffernan, a former Ware River Power, Inc. employee whose deposition was taken after the Rule 30(b)(6) depositions of Defendants had concluded due to his unavailability earlier in the case. As a result of the scheduling issue, Plaintiffs were unaware of the materials referenced by Mr. Heffernan until after the conclusion of the earlier Rule 30(b)(6) depositions.

## INTRODUCTION

Mr. Heffernan was the principal person who undertook to address the consequences of a lightning strike at the Red Bridge Dam facility that occurred the night before the near-drowning incident at issue in this matter. At his deposition, Mr. Heffernan referred to materials that Defendants now contend they do not have in their possession, custody or control. The purpose of the contested depositions is to inquire about these materials. In support of their opposition to Defendants' motion for protective order, and in support of their request for leave to conduct the depositions, Plaintiffs state as follows:

## ARGUMENT

Defendants seek an order barring Plaintiffs from taking a narrowly circumscribed Rule 30(b)(6) deposition of each defendant limited to questions focused on Defendants' assertion that neither defendant has possession, custody or control over materials described by Trevor Heffernan at his April 8, 2022 deposition. Copies of the depositions notices at issue are attached hereto as *Exhibits A* and *B*. Because allowing the depositions to proceed will impose no substantial burden on Defendants and will provide Plaintiffs with information that may prove significant to their prosecution of this matter, Plaintiffs submit that their request for leave should be granted, and Defendants' motion for protective order should be denied.

Plaintiffs have been endeavoring to prompt the Defendants to produce the materials at issue since September 2022. (See Doc. # 199, Joint Status Report at p. 2, n.3). As noted in section b of the Plaintiffs' portion of the parties' Joint Status Report dated September 6, 2024 (Doc. #240), Plaintiffs had requested that Defendants identify the documents discussed in the Heffernan deposition that *had* been produced, so that Plaintiffs could discern what had *not* been produced.

Defendants finally clarified what materials they had previously produced on September 23, 2024. See September 24, 2024 email chain, annexed hereto as *Exhibit C*. By process of elimination, Plaintiffs now understand that there are eight categories of materials that were referenced in Mr. Heffernan's deposition that Defendants have not produced, and which they have asserted do not exist in their possession, custody or control. Those materials are as follows:[1]

1. Surveillance camera video -- pages 43-44, 51
2. App monitors camera -- page 50-51
3. Alarm panel data -- pages 45-47, 58-59, 123-124, 126
4. Texts sent or received -- pages 76, 165-167
5. Emails sent or received -- pages 171-172.
6. Logbook -- page 136.
7. Dam generator data -- page 84
8. Tee sheet log -- page 135-136

As Plaintiffs told Defendants before their motion for protective order was filed, Plaintiffs noticed the depositions of Defendants for the narrow purpose of obtaining the Defendants' best understanding of whether these eight categories of materials ever existed, were lost, were discarded in ordinary course, or were discarded after Defendants were on notice of their obligation to preserve evidence related to the incident at issue. *See Ex. C*. These depositions are expected to be brief, and contrary to Defendants' claim that Plaintiffs are seeking broad depositions covering many matters that have already been addressed in a prior Rule 30(b)(6) deposition or other fact witness depositions, Plaintiffs intend to limit the scope of the depositions to matters pertaining to whether the materials described by Mr. Heffernan never existed, or if they existed, why they are not able to produce them at this juncture.[2]

As Plaintiffs told Defendants in an effort to explain the anticipated scope of the

---

[1] Page references are to Mr. Heffernan's deposition transcript.

[2] Plaintiffs acknowledge by oversight, Plaintiffs failed to seek leave of Court pursuant to Fed. R. Civ. P. 30(a)(2)(ii) before noticing the depositions. Plaintiffs respectfully request that the Court grant them leave to cure this pleading issue by considering the request for leave set forth herein.

depositions Plaintiffs were seeking "Mr. Heffernan testified that there was a logbook maintained at the facility into which the last person to leave the plant on any given day was supposed to log what time they were leaving and what tasks they had undertaken while there. I would like to inquire into why and how this logbook was lost or destroyed, or if your clients' position is that it never existed, and Mr. Heffernan was simply wrong about this." *Ex. A.*

As recently noted in *Amyndas Pharm., S.A. v. Alexion Pharm., Inc.*, D. Mass., No. CV 20-12254-LTS, 2024 WL 2025892, *2 (May 7, 2024), "[r]ule 26(c) of the Federal Rules of Civil Procedure provides that a 'court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden of expense' in connection with discovery requests. Fed. R. Civ. P. 26(c)(1). … 'As specified in [Rule] 26(c), however, a showing of good cause is required to justify any protective order.' *Baker v. Liggett Group, Inc.*, 132 F.R.D. 123, 125 (D. Mass. 1990) (citing *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 7 (1st Cir. 1986)). Further, the party seeking a protective order bears the burden of demonstrating good cause. *See Anderson v. Cryovac, Inc.*, 805 F.2d at 7-8 (citations omitted). "In order to establish 'good cause' a party must put forth 'a particular factual demonstration of potential harm,' and cannot rely on 'conclusory statements.'" *Hache v. AIG Claims, Inc.*, No. 20-10652-PBS, 2021 WL 8999586, at *1 (D. Mass. Mar. 10, 2021) (citing *Anderson*, 805 F.2d at 7). In these circumstances, Plaintiffs submit that neither Defendant will suffer any harm as the result of producing a witness for a brief deposition on a very narrow set of topics. See *Exhibits A* and *B*.

## CONCLUSION

Because Defendants cannot meet their burden of demonstrating that there is good cause for the Court to issue a protective order barring the requested depositions, Defendants' motion should be denied, and Plaintiffs respectfully request that they be granted leave to conduct the

depositions as noticed.

Plaintiffs **Jennifer Gallucci, individually and PPA Brayden and Sofia Gallucci; and Anna Sepanek, individually and PPA Tyler San Jurjo and Isabella San Jurjo**,
by their attorneys,

*/s/ Michael D. Lurie*

Anthony Tarricone, BBO # 492480
atarricone@kreindler.com
Michael Lurie, BBO # 553024
mlurie@kreindler.com
KREINDLER & KREINDLER LLP
855 Boylston Street
Boston, MA 02116
617-424-9100

and

*/s/ Cynthia H. Fareed*

Cynthia H. Fareed, *pro hac vice*
235 East 40th Street, Suite 6E
New York, NY 10016
Telephone: 631-839-9557
Cynthiahf@gmail.com

Dated: November 4, 2024

**CERTIFICATE OF SERVICE**

I, Michael D. Lurie, hereby certify that on November 4, 2024, a copy of the foregoing was served on the parties to their counsel of record via electronic mail to their email addresses as reflected in the Court's CM/ECF system.

*/s/ Michael D. Lurie*
Michael D. Lurie