**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| CYNTHIA FAREED AND JAMES MASELAN, CO-PERSONAL REPRESENTATIVES OF THE ESTATE OF JASER AL-RAKAH, CYNTHIA FAREED AND JAMES MASELAN, CO-PERSONAL REPRESENTATIVES OF THE ESTATE OF THEEB AL-YAMI, ANNA SEPANEK, INDIVIDUALLY, TYLER SAN JURJO, PPA ANNA SEPANEK, ISABELLA SAN JURJO, PPA ANNA SEPANEK, JENNIFER GALLUCCI, INDIVIDUALLY, BRAYDEN GALLUCCI PPA JENNIFER GALLUCCI, and SOFIA GALLUCCI PPA JENNIFER GALLUCCI,<br><br>Plaintiffs,<br><br>v.<br><br>CENTRAL RIVERS POWER MA, LLC, WARE RIVER POWER, INC., and JOHN DOE #1,<br><br>Defendants. | C.A. NO. 3:20-CV-11053-MGM |

**DEFENDANTS CENTRAL RIVERS POWER MA, LLC AND WARE RIVER POWER, INC.'S MEMORANDUM OF LAW IN SUPPORT OF THEIR JOINT MOTION FOR SUMMARY JUDGMENT WITH RESPECT TO THE FEDERAL POWER ACT**

Defendants, Central Rivers Power MA, LLC ("CRP") and Ware River Power, Inc. ("WRP"), are entitled to summary judgment as plaintiffs' claims are preempted by the Federal Power Act. Plaintiffs brought negligence claims against CRP and WRP, the respective owner and operator of a federally licensed dam regulated by the Federal Energy Regulatory Commission ("FERC"). As such, the standard of care in this matter is governed by a Federal Power Act, 16

U.S.C. §§ 791(a)-825(r) ("FPA") and the state law claims presented by the plaintiffs are preempted by the FPA. As CRP and WRP were operating the dam in compliance with the license exemption issued by FERC at the time of the incident, they are exempt from liability under the FPA. In support of this Motion, the defendants, CRP and WRP, state the following:

## CONCISE STATEMENT OF MATERIAL FACTS

### A. The Incident

This matter arises out of an incident on June 29, 2018 ("Incident") in the Chicopee River downstream from the Red Bridge Dam, a hydroelectric dam and complex located in Wilbraham, Massachusetts which is owned by CRP and operated by WRP.[1] The Red Bridge Dam operates under a license exemption issued by FERC.[2] The Incident involved the drowning deaths of two (2) Saudi Arabian college students, Jaser Al-Rakah and Theeb Al-Yami, and personal injuries to two (2) mothers, Jennifer Gallucci and Anna Sepanek and their four (4) minor children, Brayden Gallucci, Sofia Gallucci, Tyler San Jurjo and Isabella San Jurjo.[3]

On the day of the Incident, lightning struck the Red Bridge Dam and a semi-automatic PLC system which controlled the amount of water flow through the Red Bridge Dam's turbines failed.[4] The plaintiffs allege that the water flow in the river rose rapidly and dangerously high, dragging minor plaintiffs, Brayden Gallucci and Tyler San Jurjo, into the river.[5] As a result, Jennifer Gallucci and Anna Sepanek ran into the water to help Brayden and Tyler.[6] Minor plaintiffs, Sofia

---

[1] See generally Complaint.
[2] See FERC exemption, attached as Exhibit A.
[3] See generally Complaint.
[4] Id. at ¶ 13.
[5] Id. at ¶ ¶ 26-28.
[6] Id. at ¶ 29.

Gallucci and Isabella San Jurjo, did not enter the water, but rather observed from the shore.[7] As a result of the Incident, plaintiffs assert negligence claims against CRP and WRP. [8]

### B. Red Bridge Dam Regulated by FERC

The Red Bridge Dam was in operation pursuant to a license exemption issued by FERC.[9] CRP owned the FERC license exemption to operate the dam.[10] As an exemptee, CRP was exempt from periodic re-licensing, but all other aspects of FERC regulations and dam safety programs still applied.[11]

### C. FERC's Investigation of the Incident

As a result of the Incident, FERC investigated and performed a simulation on August 7, 2018 with similar water flows that were in place on the day of the Incident.[12] **FERC did not find any operational deficiencies that contributed to the incident.**[13] **FERC neither ordered any changes to the operation of the Red Bridge Dam, nor did it recommend any additional safety measures.**[14] As a result of a post-incident inspection, the only recommendation from FERC was that CRP request that the Massachusetts Department of Conservation and Recreation, the entity which owns the land where the drowning occurred, put up more warning signs prohibiting swimming in the river and restrict on-water activities.[15]

---

[7] Id. at ¶ 29.
[8] See generally Complaint.
[9] See Exhibit A.
[10] See Deposition of Matthew Stanley at p.81:8-10, attached as Exhibit B.
[11] Id. at p.220:1-7.
[12] See September 10, 2018 letter from FERC to CRP, attached as Exhibit C.
[13] Id.
[14] Id.
[15] Id.

## ARGUMENT

### A. Standard for Motion for Summary Judgment

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Valle-Ortiz v. R.J. Reynolds Tobacco, Co., 385 F.Supp.2d 126, 129 (D.P.R. 2005). Rule 56(c) of the Federal Rules of Civil Procedure allows for the prompt disposition of controversies on their merits without a trial if no real dispute as to their salient facts exists. Fed. R. Civ. P. 56(c). "As to issues on which the summary judgment target bears the ultimate burden of proof, [plaintiffs] cannot rely on an absence of competent evidence, but must affirmatively point to specific facts that demonstrate the existence of an authentic dispute" McCarthy v. Northwest Airlines, Inc., 56 F.3d 313, 315 (1st Cir. 1995). Summary judgment for the defendant is mandated, not merely permitted, "where the Plaintiff fails to make a showing sufficient to establish the existence of an element essential to his case upon which the Plaintiff would have the burden of proof at trial." Celotex Corp. v. Catrett, 417 U.S. 316, 322 (1986).

### B. CRP & WRP Are Entitled to Summary Judgment Because Plaintiffs' State Law Claims Are Preempted by the FPA

Plaintiffs' claims fail because the claims are preempted by the FPA. The FPA vests FERC with the broad authority to make licensing determinations and imposes strict conditions on licenses. See 16 U.S.C. § 797(e)(outlining broad licensing powers of FERC); 16 U.S.C § 803 (setting forth conditions on any license issued by FERC). FERC is permitted to do so subject to the conditions it deems best suited with respect to a number of sometimes competing interests and benefits, including "waterpower development...other beneficial public uses, include irrigation, flood control, water supply, and recreational and other purposes…" Id. at § 803(a). FERC

licensees are required to accept all terms and conditions prescribed by FERC. Id. at § 799. FERC monitors and investigates its licensees' compliance and is authorized to "issue such orders as necessary to require compliance with the terms and conditions of licenses." Id. at §823b(a).

The United States Supreme Court has held that the FPA preempts all state and local law concerning hydroelectric licensing. California v. Federal Energy Regulatory Commission, 495 U.S. 490 (1990). The FPA indicates congressional intent for "a broad federal role in the development and licensing of hydroelectric power." Id. at 496. FERC's broad preemptive authority includes all determinations with respect to construction, operation and maintenance of FERC licensed projects. Id. at 506-507. The FPA leaves "no room or need for conflicting state controls." First Iowa Hydro-Electric Cooperative v. Federal Power Commission, 328 U.S. 152, 181-182 (1946).

In light of the broad authority of the FPA, federal courts have consistently determined that state tort claims, such as negligence, are barred when there is no deviation from the FERC license and its regulations. In City of Lowell v. ENEL N. Am., Inc., the plaintiffs brought various state tort law claims, including negligence, against the operator of a hydroelectric dam for installation of improperly sized flashboards on a crest gate system that caused damage to the City's property. City of Lowell, 796 F.Supp.2d 225 (D.Mass.2011). The Court granted summary judgment holding that plaintiffs' negligence claim is preempted by the FERC license because the plaintiff cannot use state tort law to prevent a FERC licensee from doing something that FERC allowed it to do. Id. at 231. "To effect changes to the FERC license, [the plaintiffs] must utilize the process established by the FPA [i.e. challenging the FERC license before the federal courts of appeals], not state tort law." Id. at 231-232.

In Simmons v. Sabine River Authority Louisiana, the plaintiffs asserted negligence claims

against the operator of a hydroelectric dam alleging that the failure to raise the minimum reservoir elevation caused flooding and erosion. Simmons, 732 F.3d. 469 (5th Cir. 2013). As plaintiffs alleged that defendants were negligent because they failed to act in a manner FERC expressly declined to require, plaintiffs' claims were dismissed. Id. at 476-477. See also Otwell v. Alabama Power Co. 747 F.3d 1275, 1279 (11th Cir. 2014) (summary judgment granted as plaintiffs' state tort claims were barred as it constituted an impermissible attack on a FERC licensing decision).

Similarly, in the present case, plaintiffs' negligence claims fail as the Red Bridge Dam was operated in accordance with the license exemption and regulations issued by FERC. As a result of the incident, FERC investigated and performed a simulation on August 7, 2018 with similar water flows that were in place on the day of the Incident.[16] **FERC did not find any operational deficiencies that contributed to the incident.[17] FERC neither ordered any changes to the operation of Red Bridge, nor did it recommend any additional safety measures.**[18] As a result of a post-incident inspection, the *only* recommendation from FERC was that CRP request that the Massachusetts Department of Conservation and Recreation, the entity which owns the land where the drowning occurred, put up more warning signs prohibiting swimming in the river and restrict on-water activities.[19]

Plaintiffs cannot point to a scintilla of evidence that shows that the operations at Red Bridge Dam were inconsistent with FERC. Allowing plaintiffs' negligence claims to survive would be in direct conflict with FERC's regulations. As plaintiffs' claims therefore constitute an

---

[16] Id.
[17] Id.
[18] Id.
[19] Id.

impermissible collateral attack on the operations FERC has sanctioned, summary judgment should be granted.

## **CONCLUSION**

The defendants, Central Rivers Power MA, LLC and Ware River Power, Inc., hereby move this Honorable Court to grant their Motion for Summary Judgment and dismiss the plaintiffs' Complaint against them with prejudice pursuant to Rule 56 of the Federal Rules of Civil Procedure.

**Respectfully submitted,**

The Defendant,
**WARE RIVER POWER, INC.,**
By its attorneys,

*/s/ Ethan C. Ryder*
________________________________

Alexandra R. Power, BBO: #646877
Ethan C. Ryder, BBO: #692291
Hamel Marcin Dunn Reardon & Shea, PC
350 Lincoln Street, Suite 1101
Hingham, Massachusetts 02043
Telephone: (617) 482-0007
Facsimile: (781) 385-7988
apower@hmdrslaw.com
eryder@hmdrslaw.com

The Defendant,
**CENTRAL RIVERS POWER MA, LLC,**
By its attorneys,

*/s/ Kathleen A. Federico*
________________________________

Gareth W. Notis, BBO: #637814
Kathleen A. Federico, BBO: #682722
MORRISON MAHONEY LLP
250 Summer Street
Boston, Massachusetts 02210
Telephone: (617) 439-7500
Facsimile: (617) 342-4821
gnotis@morrisonmahoney.com
kfederico@morrisonmahoney.com

Dated: November 29, 2024

## RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1(a)(2), I hereby certify that I, Kathleen Federico, counsel for the defendant, Central Rivers Power MA, LLC, conferred with plaintiff's counsel on November 26, 2024 concerning the issues which are the subject of the forgoing Motion.

/s/ *Kathleen A. Federico*

Kathleen A. Federico

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 29, 2024.

/s/ *Kathleen A. Federico*